Peckham, J.
 

 The referee has found that the bond and mortgage in this case were given without consideration as between the original parties. That as between them they were without consideration and void. The testator loaned to the mortgagee $3,000, and took an assignment of the mortgage for $10,000 as collateral security for its payment. Upon these as the controlling facts (there were other minor circumstances all tending to the same result), the referee found for
 
 *423
 
 the defendant. The Supreme Court reversed the judgment, and ordered a new trial, upon the ground, as appears by their opinion, that the testator was a
 
 bona fide
 
 holder of the mortgage, and was not subject to any equities or defence existing between the original parties.
 

 This may be the law at some future time. But it is quite clear that it is not as yet. A mortgage like a note, payable to the payee only, is not negotiable, and is always subject to the defence existing between the original parties. This is well settled by authority and upon principle, and no reasoning is necessary in the case.
 
 (Clute
 
 v. Robison, 2 J.
 
 R.,
 
 595;
 
 Murray
 
 v. Lylburn, 2 J. Ch., 441;
 
 Livingston
 
 v. Dean, 2 J. Ch., 479;
 
 James
 
 v.
 
 Morey,
 
 2 Cow., 246 ;
 
 Richards
 
 v.
 
 Warring,
 
 1 Keyes, 576; and in
 
 Bush
 
 v.
 
 Lathrop,
 
 22 N. Y., 535.) This court held broadly that the assignee of a mortgage took no greater title than his assignor.
 

 Judgment of General Term reversed, and that of the Special Term affirmed with costs.
 

 All concur.
 

 Judgment accordingly.