By the Court.—Curtis, J.
The difficulty that defendant labors under in sustaining his objection to the jurisdiction of the court is, that the mortgaged premises are in the county of Hew York, and that he •appeared generally, and answered without alleging *14 want of jurisdiction as a defense (Spyer v. Fisher, Superior Court Reports, 2nd Serial No., p. 94, vol. 37, p. 94.)
Passing to the principal objections raised by the defendant, it must be conceded that a mortgage has so little of the element of negotiability, that the assignee, though a tona fide holder, takes it subject to ail the equities and defenses existing between the original parties. The assignee of a security of this nature has no greater title than his assignor (Davis v. Austin, 1 Ves. Jr. 247 ; Ingraham v. Disbrough, 47 N. Y. 421; Bush v. Lathrop, 22 Id. 535).
But the question arises whether the mortgagor, having given certificates of the nature shown, is estopped from contradicting these written statements.
It is well settled, that a mortgagor who induces a person to purchase the mortgage by representations, that it is valid in its inception, or free from fraud, or that a certain amount is due upon it, is estopped from setting up any of these defenses (Watson v. McLaren, 19 Wend. 557; Lesley v. Johnson, 41 Barb. 359; Ferguson v. Hamilton, 35 Id. 427; Clark v. Sinson, 4 Duer, 408).
It is a wise and just restriction, that if a mortgagor makes a false statement, orally or in writing to influence the purchase of the security, he can not take advantage of it as against an innocent purchaser. The law adjudges him to be estopped from profiting by his own fraud.
Consequently, looking at the case from this point simply, the learned judge correctly excluded the offers of the defendant.
But it is a principle also as well settled and as important for the protection of society, that in order to create this estoppel, it must appear that the party caused the other to believe the existence of the facts to which the estoppel relates, and also that the other has *15 acted upon such belief (Keeler v. Davis, 5 Duer, 507 ; Lawrence v. Brown, 5 N. Y. 394; Chautauqua Co. Bank v. White, 6 Id. 236; Jewett v. Miller, 10 Id. 402).
If a mortgagor can show that a purchaser did not believe tile existence of the facts in reference to which the estoppel is sought to be interposed, and did not act upon any such belief, he is at liberty to do so. He can, in this way, defeat the claim that he is estopped, for the estoppel set up fails in the chief elements that unite to create valid estoppel.
In this view of the law, it seems that the defendants’ offers to show, that Charles Emmons was the real' holder of the bond and mortgage in question, and that the certificates of the defendant were not real and genuine, should have been received. Also all other offers, to show facts tending to prove that the plaintiff never believed, or acted upon the statements in the certificates, should have been received.
In the case of Van Sickle v. Palmer (2 N. Y. 612), where the action was to forclose a mortgage, the defense being usury, it was held, that the written certificate was not conclusive as to the defendant, but that he was entitled to show by the attorneys, whether the plaintiff shared in the five hundred and sixty-six dollars paid to them for their services.
In Wilcox v. Howell (44 N. Y. 398), it was held insufficient to create an estoppel, that the certificate of i he mortgagor that the mortgage was valid, and that no deiense existed to it, was believed by the holder to be a protection, as a matter of law; but that the facts stated therein must be relied on as true, and in this" reliance the holder must have purchased.
These decisions sustain the principle, that this class of certificates, amount to very little by way of estoppel, except where an innocent party believes in the statements contained in them, and acts upon them. It is *16 contrary to good morals, that a certificate containing an unadulterated falsehood, and known to both the maker and the recipient, to be simply such, should be sustained as sufficient to protect the latter in the purchase of a mortgage, because he believed it would so protect him as a matter of law, and would not have bought the mortgage without it.
The evidence offered by the defendant in this aspect of the case, was material, and admissible, and should have been received, and is of such importance as to entitle the defendant to a new trial.
The judgment appealed from by the defendant should be reversed, and a new trial ordered.
Sedgwick, J., concurred.