# SUPREME COURT.

## Scamoni agt. Ruck *et al.*

*Mortgage — assignment thereof subject to the equities of the mortgagor — Bona fide purchaser, who is not.*

An agreement was made between R. and S. that S. should pay a mortgage made by C., in consideration whereof R. agreed to cancel a mortgage he held, made by S.

*Held*, that this agreement bound the assignee of the S. mortgage, who took the same from R. with knowledge thereof, as also the Broadway Bank, who afterwards received the mortgage from such assignee, as *security for a debt*, and that S., having paid the mortgage of C., was entitled to a satisfaction of his own mortgage in the hands of the bank.

*Ingraham* agt. *Disborough* (47 *N. Y.*, 421), *Cutts* agt. *Guild* (57 *id.*, 232) applied.

*Special Term, April*, 1876.

*J. R. Nelson*, for plaintiff.

*W. H. Field*, for defendant.

Van Vorst, *J.* — The evidence satisfactorily establishes an agreement between Ruck and Scamoni, that Scamoni should pay the principal and interest of the Corbett mortgage, and that when paid by him, Ruck should cancel and surrender the Scamoni mortgage. This agreement and understanding was communicated to Smith at the time of the delivery to him of the Scamoni mortgage.

Smith took the assignment of this mortgage, subject to the agreement between Ruck and Scamoni. The evidence shows that he fully comprehended that upon the satisfaction by Scamoni of the Corbett mortgage, he would be entitled to a

Scamoni agt. Ruck *et al.*

return or satisfaction of his mortgage. Scamoni having paid the Corbett mortgage, is entitled to a satisfaction of his own mortgage.

The defendant, the Broadway Bank, not being a *bona fide* purchaser for value, can assert no right or claim to the Scamoni mortgage, greater than that which its assignee, Smith, possessed. It was taken by the bank, subject to all the equities existing between Ruck and Scamoni, of which Smith had notice. The bank, in fact, parted with no value when it took the mortgage. It was received simply as further security for Smith's previous indebtedness. That does not constitute the bank a holder for value. It gave up nothing, and added nothing to the claim in its favor against Smith.

It did undoubtedly give Smith time to pay his debt, and forbearance for a definite time is regarded as consideration of value. But I apprehend that such forbearance in this instance cannot defeat the prior equity in plaintiff's favor to have this mortgage satisfied upon the payment of the Corbett mortgage.

The claim of the bank against Smith had already been placed in the hands of its attorney for collection, and had proceeded to judgment without avail. There is nothing in the case which shows that the bank lost any thing by such forbearance, or had been at all prejudiced. The collateral security it then held had proved valueless.

In order to defeat the equity existing in plaintiff's favor, the bank must have parted with money or some value on the strength of this security. The giving of time to Smith in his *then condition* was no parting with value.

But conceding that the bank is a *bona fide* holder, it would seem, upon authority, that the mortgage was taken subject to the equities existing between the original parties (*Ingraham* agt. *Disborough*, 47 *N. Y.*, 421; *Cutts* agt. *Guild*, 57 *id.*, 232).

There should be judgment for the plaintiff, directing the satisfaction of this mortgage.