## KURSHEEDT v. McCUNE.

*N. Y. Supreme Court, First Department; General Term, March, 1887.*

1. *Mortgage—Investment through attorney.*] An assignee of a mortgage who parts with the money to be invested in the purchase, by paying it to her attorney in advance of its investment, is not deemed to part with value at the time of the subsequent execution and delivery of the assignment, unless her attorney then actually pays over the money to the assignor.

2. *Bona fide purchaser.*] Hence, as against such an assignee, the mortgagors can show that the attorney, acting also as their attorney,

induced them by fraud, without payment, to execute the mortgage to the attorney, who thereupon assigned it to the one claiming as bona fide purchaser.*

Appeal from a judgment.

Plaintiff brought this action on a bond and mortgage, which purported to be executed by the defendants to one Brennan, and by Brennan had been assigned to the plaintiff; and the defense was that the defendants, who were husband and wife, and illiterate, had been induced to execute it by Brennan's representing to them that it was a deed which would transfer the title from the husband to the wife ; they now ask to have the bond and mortgage cancelled.

Plaintiff claimed to be a bona fide purchaser for value, and to have a title superior to the equities between the original parties.

It was found by the learned justice, before whom this cause was tried, that the defendants signed and affixed their mark to the bond and mortgage in question upon the false and fraudulent representations of one Brennan,—who was their attorney,—that said papers constituted a deed or transfer of the real property of the defendant James McCune, to his wife, the other defendant.

The justice further found that the defendants signed said papers, relying solely on said Brennan's representations, and believing such papers to be the deeds of transfer necessary to convey the property from James McCune to his wife. Also, that at that time the defendants were not indebted in any sum whatever to said Brennan, and received no consideration from him at the time of their signature to the papers aforesaid.

It further appears from the findings that on or about June 7, 1880, Brennan assigned to the plaintiff said bond and mortgage and the money due and to grow due and accrue thereon ; that at the time of the alleged assignment

* See note to last case.

by Brennan to the plaintiff, the latter then gave or paid no consideration therefor.

It further appears from the findings that in the month of April previously the plaintiff had given said Brennan about $2,500 to invest for her, as her agent, on bond and mortgage, but that said moneys were not paid to the defendants, or invested by Brennan in the alleged bond and mortgage in suit.

Upon these findings of fact the learned justice found as conclusions of law that the bond and mortgage sued upon were obtained from the defendants by false and fraudulent representations and pretenses; that they were invalid and void, and that Brennan could convey no legal title thereto to the plaintiff; that the plaintiff is not a bona fide holder of said bond and mortgage, for a valuable consideration, and that said plaintiff could only hold said bond and mortgage subject to the equities existing between the defendants and her assignor, and that the bond and mortgage are void, and should be delivered up for cancellation.

Plaintiff appealed.

By the Court.—Lawrence, J.—Our examination of the evidence in this case satisfies us that the findings of fact made at special term are correct.

It is quite apparent, we think, that Brennan took advantage of the relation in which he stood towards the defendants of their ignorance in business matters, and of the extreme confidence which they reposed in him as their friend and legal adviser, to perpetrate the fraud which has given rise to this litigation. We think it clear that the defendants supposed that the bond and mortgage in suit constituted a transfer of the real property of the defendant James McCune to his wife, the other defendant; and that they had not the slightest suspicion that they had executed any bond or mortgage to him, to whom at that time, as appears by the evidence, they were not indebted in any sum whatever. The plaintiff herself admits that although the

bond and mortgage were advanced on June 7, 1880, the interest up to January, 1885, was paid to her by Brennan in person.

Such being the facts, we are of the opinion that the judgment rendered at special term was right. The principle is elementary that an assignee of a mortgage, although a bona fide holder, takes the same subject to all defenses existing between the original parties (Ingraham *v.* Disborough, 47 *N. Y.* 421, and cases cited).

It cannot be contended for one instant, under the facts proven in this case, that Brennan could have enforced the bond and mortgage which, by his fraud, he obtained from his clients. We might rest the decision of the case upon this point alone, but it may be as well to observe that the plaintiff on the facts proven cannot be conceded to be a bona fide holder or owner of the mortgage in suit, as against the defendants. She had given her money to Brennan for investment as early as April, 1880, and the mortgage was not executed until June 5, 1880, nor was it assigned to the plaintiff until June 7, 1880. The plaintiff therefore parted with no new consideration at the time she received the assignment of the mortgage. Her rights, as to Brennan, were then fixed, and she stood towards him as his bailor or creditor after April, 1880. She parted with nothing on the strength of the bond and mortgage in suit, and under all the decisions she cannot be regarded as a bona fide purchaser of the bond and mortgage, even if, as already stated, she did not take them subject to all the equities existing between Brennan and the defendants. Nor can the plaintiff avail herself of the rule invoked by her counsel upon the argument that when one of two innocent parties must suffer, he must bear the loss whose act or negligence occasioned or permitted it to occur. It was her own negligence in intrusting her money to Brennan, which enabled him to commit the fraud as to her; he became her agent for the purpose of such investment, and the fact that Brennan succeeded in committing another fraud upon the

Kursheedt *v.* McCune.

defendants, does not entitle the plaintiff to shift her loss upon them, or to hold them liable therefor.

An exception was taken by the appellant's counsel to the disallowance of this question to the plaintiff :

"Did you rely upon that bond and mortgage as a security for your money ?" The court in sustaining the objection taken by the defendant's counsel, remarked that " she did not part with anything at that time."

We think that the ruling was correct, because it distinctly appeared, as has been before stated, that the plaintiff had intrusted her money to Brennan, for investment, in April, 1880, and the question called for an answer as to a transaction which took place in June. Brennan had been in the possession of the plaintiff's money between April and June, and, under the authorities above cited, the plaintiff could not, although a bona fide holder, avoid the defenses existing between the original parties to the mortgage.

The objection taken to the admission of the evidence by the defendants, as to their ignorance in signing the bond and mortgage, and also as to what was said by Brennan about the making of the transfer of the property to his wife, were also properly overruled. The defendants were certainly entitled to show the fraud which had been perpetrated by Brennan upon them, and those questions were competent for that purpose.

For these reasons, we are of the opinion that the judgment below should be affirmed, with costs.