GEORGE F. BECK, Respondent, *v.* MARION C. SHELDON, Appellant, Impleaded with Another.

(Argued May 2, 1932; decided June 1, 1932.)

*Edmund P. Cottle* for appellant. An assignee of a mortgage takes the same subject to the equities and

defenses between the original parties, and has no greater right against the mortgagor than belonged to the mortgagee. (*Ingraham* v. *Disborough*, 47 N. Y. 421; *Stevenson* v. *Iba*, 155 N. Y. 224; *Schlitz* v. *Koch*, 138 App. Div. 535; *Ball* v. *Petrocy*, 226 App. Div. 347; *Rapps* v. *Gottlieb*, 142 N. Y. 164; *Clute* v. *Robison*, 2 Johns. 595.) The mortgagor received no consideration from the mortgagee for the Roseville street mortgage. (*Matter of Case*, 214 N. Y. 199.)

*Louis W. Manchester* and *Alfred C. Ueck* for respondent. The bond and mortgage were executed and delivered by the defendant to the guardian mortgagee for a good, valid and adequate consideration. (*Beakes* v. *Da Cunha*, 126 N. Y. 293; *Miller* v. *Drake*, 1 Caines, 45; *Herendeen* v. *DeWitt*, 49 Hun, 53; *Girard Nat. Bank* v. *Brody*, 122 Misc. Rep. 790; *Crook* v. *Scott*, 65 App. Div. 139; 174 N. Y. 520.) The assignment of the bond and mortgage by the guardian mortgagee to the plaintiff was good and valid and transferred the title thereto to the plaintiff. (*Mahoney* v. *Bernhard*, 45 App. Div. 499; 169 N. Y. 589; *Rosen* v. *Ward*, 96 App. Div. 262; *Willetts* v. *Haines*, 96 App. Div. 5; 182 N. Y. 543.)

POUND, Ch. J. The action is brought to foreclose a mortgage called the Roseville street mortgage, which was made on February 21, 1920, by defendant Marion C. Sheldon to Theodore B. Sheldon, as guardian of Carew and Octavia F. Sheldon, to secure the payment of $3,333.33, and assigned on November 27, 1923, by Sheldon, as guardian, to the plaintiff. The mortgagee is the mortgagor's father. He had been her guardian until she became of age on January 18, 1918. The defense is lack of consideration.

Marion C. Sheldon, her brother Carew and her sister Octavia each owned an undivided one-twelfth interest in the Roseville street property. They had each owned a one-third interest in a Main street mortgage for $5,000, but Marion had sold her interest when she came of age.

Title to this mortgage was in Theodore B. Sheldon, as general guardian. It was deposited with his surety as such general guardian for its protection.

On February 21, 1920, Sheldon took an assignment of the Main street mortgage, executed by him as general guardian of Carew and Octavia F. Sheldon, from Buffalo to Roscoe, Sullivan county, New York, where Marion was teaching school. He also took the bond and mortgage in suit and an assignment of the Main street mortgage to himself individually ready for execution by Marion. At his request she executed the mortgage in suit. She says he told her it was to be security for his bond as guardian; that she was not to pay anything on it. At the same time he delivered to her the assignment of the Main street mortgage and she executed the assignment thereof to him *individually*. This transaction had on its face the appearance of trading one mortgage for another coupled with the assignment to Theodore B. Sheldon, individually, of Marion's interest in the Main street mortgage. Reduced to its substance, it amounted to a transfer to Theodore B. Sheldon, individually, of the Main street mortgage from himself as general guardian, through the medium of the assignment to Marion. He assigned the mortgage to her and she assigned it back to him. This was a mere shifting of securities.

When we come to the Roseville street mortgage, it follows that the mortgagor received nothing for it, except a gesture, whereby Sheldon tendered her one assignment and took back another, without permitting her to understand the action or exercise an independent judgment in the matter. Sheldon received the proceeds from the sale of both mortgages. Marion received nothing.

If Sheldon, as guardian, had foreclosed the Roseville street mortgage, Marion might have pleaded want of consideration as a defense. She might have shown that the plan or scheme of her father was to get title to the

Main street mortgage in himself and to get her to execute the Roseville street mortgage as well; that she became a mere conduit for transferring the record title of the Main street mortgage.

The best answer that plaintiff makes to this defense is that the consideration for the Roseville street mortgage was the assignment of the Main street mortgage; that when she assigned the latter to her father the assignment was a voluntary parting with vested rights, unconnected except in time with the other part of the transaction; that she had a right to do what she would with her own. But the whole affair obviously was no more than a colorable excuse for conveying the Main street mortgage to Sheldon and furnishing him with another mortgage to take its place with the surety company. Marion was not benefited by her promise to pay the Roseville street mortgage for she received nothing for it. Sheldon suffered no detriment, but rather a benefit, for he gave nothing to Marion for her promise. He received her mortgage without giving any consideration therefor. "Nothing is consideration * * * that is not regarded as such by both parties." (*McGovern* v. *City of New York*, 234 N. Y. 377, 388.)

An assignee of a mortgage, although a *bona fide* holder, takes the same subject to all defenses existing between the original parties. (*Ingraham* v. *Disborough*, 47 N. Y. 421; *Trustees of Union College* v. *Wheeler*, 61 N. Y. 88, 105; *Stevenson Brewing Co.* v. *Iba*, 155 N. Y. 224; *Kommel* v. *Herb-Gner Constr. Co.*, 256 N. Y. 333, 336.) Plaintiff bought the mortgage when it was past due, at a discount and without an estoppel certificate. It follows that the defense of no consideration has been sustained.

The judgment of the Appellate Division and that of the County Court should be reversed and the complaint dismissed, with costs in all courts.

CRANE, O'BRIEN and HUBBS, JJ., concur; LEHMAN and KELLOGG, JJ., dissent; CROUCH, J., not sitting.

Judgments reversed, etc.