In the Matter of REALTY ASSOCIATES, INC., et al., Appellants; H. L. F. REALTY CO., INC., Respondent.

(Submitted March 13, 1935; decided April 16, 1935.)

*Lynn G. Goodnough* for appellants.

*Isidor Mates, Joseph J. Schwartz* and *Joseph Mates* for respondent.

O'BRIEN, J.   The Brooklyn Trust Company acquired a first mortgage for $200,000 on premises the title to which was then held by the Louis Friedman Realty Co., Inc., a

domestic corporation. Subsequently, Realty Associates, Inc., became the owner of a participation in this mortgage. On February 20, 1933, there was due $183,500 on the principal and on that date an extension agreement was entered into between Brooklyn Trust Company and the Louis Friedman Realty Co., Inc. The mortgagor agreed: " If, after the payment of interest and amortization on the first mortgage, taxes and insurance premiums against the mortgaged premises and *interest on any subsequent mortgage or mortgages*, there remains at any time a surplus from the rents, income and profits of the mortgaged premises, all of such net income, rents or profits shall be paid to the mortgagee in reduction of the principal sum secured by the mortgage hereby extended." All the capital stock of the Louis Friedman Realty Co., Inc., then the record holder of the title, was owned by a Delaware corporation, the Louis Friedman Realty Corporation, and this Delaware corporation organized and also owned all the capital stock of the H. L. F. Realty Co., Inc., a domestic corporation, to which on June 1, 1933, the Louis Friedman Realty Co., Inc., conveyed these mortgaged premises. There was then a second mortgage also on these premises. On the same day, June 1, 1933, the H. L. F. Realty Co., Inc., made a third mortgage, never recorded, to the Delaware corporation, the Louis Friedman Realty Corporation, for $155,862. The H. L. F. Realty Co., Inc., had no debts and assumed no obligations other than the mortgage executed by it to its organizer and owner. Louis Friedman was president of all three corporations and owned fifty-one per cent of the capital stock of the Delaware corporation. December 14, 1933, H. L. F. Realty Co., Inc., paid to the Delaware corporation $2,992.55, six months' interest on the third mortgage held by the Delaware corporation.

This proceeding, pursuant to section 1077-c of the Civil Practice Act, was begun December 29, 1933, by Realty Associates, Inc., and Brooklyn Trust Company, holders

of the first mortgage, to compel the record title holder, H. L. F. Realty Co. Inc., to pay over to them the surplus from the mortgaged premises for the period extending from June 1, 1933, to November 30, 1933.

The issue of law is whether the interest paid by H. L. F. Realty Co., Inc., to the Delaware corporation on the third mortgage may properly be allowed as a deduction from the income of the mortgaged premises. The courts below have held that it was properly allowed and have fixed the sum of $405.06 as the surplus income. These appellants argue that the unrecorded third mortgage made by the record holder of the premises to the Delaware corporation which was the owner of the record holder was without consideration and is a sham.

Any substance, if existing, in this third mortgage given by H. L. F. Realty Co., Inc., to the Louis Friedman Realty Corporation (Delaware) for $155,862 is so obscure as to be difficult and perhaps impossible of detection. The attempted explanation is that the Louis Friedman Realty Co., Inc. (N. Y.) owed a certain sum of money to the Delaware corporation and that in order to discharge the indebtedness, the domestic corporation, record holder of the title, conveyed its equities in this property to H. L. F. Realty Co., Inc., a corporation organized and wholly owned by the Delaware corporation. As appellants argue, the conveyance of the equity was then complete, the H. L. F. Realty Co., Inc., was not indebted to the Delaware corporation and there was no consideration for the mortgage. The Delaware corporation, owning all the capital stock of both these domestic corporations, to all intent and purpose conveyed this property to itself for nothing. (*Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84, at p. 95.) The transaction appears to be wholly fictitious (*Beck* v. *Sheldon*, 259 N. Y. 208), and the mortgage ought not to be regarded as a genuine one which can have the effect of defeating the purpose of the extension agreement of February 20, 1933. Such legerdemain, perpetrated under the forms of law, must not

be sanctioned. By the devious process pursued by the Delaware corporation, the Louis Friedman Realty Corporation, with its two creatures, the Louis Friedman Realty Co., Inc., and the H. L. F. Realty Co., Inc., the actual owner of this property, the Delaware corporation, drew to itself the surplus which under the agreement belongs to the first mortgagee.

Section 1077-c of the Civil Practice Act provides:

" § 1077-c. Notice of application. Notwithstanding the foregoing provisions, any person who would otherwise have the right to foreclose a mortgage, shall have the right to make an application to any court in which such foreclosure action might be brought upon eight days notice, served personally, or in such manner as the court may direct to the last record owner of the mortgaged property, *and if* upon such application it shall appear to the satisfaction of the court that *the mortgaged property during the six months prior to the application shall have produced a surplus* over and above the taxes, interest and all other carrying charges, *then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal.* In the event of default in making of such payment for thirty days after service of a copy thereof with notice of entry thereof, then and in such event the applicant may maintain an action to foreclose such mortgage. In any such proceeding the court may enter an order permitting foreclosure without other proof if the owner of the property shall fail to make available for inspection by the mortgagee and the court all records and data available as to the income and disbursements, or if the owner shall fail to produce adequate records or data of income and disbursements.

" This section shall not apply to properties used or intended to be used for farming purposes or dwellings occupied by the owner or by the owner in conjunction with not more than one other family."

If the third mortgage be regarded as fictitious, and we think that it must be so viewed, then this mortgaged property during the six months prior to appellants' application under this section did produce an additional surplus of $2,992.55 which under the terms of the statute as well as the agreement of February 20, 1933, was available for the reduction of the principal then past due.

The order of the Appellate Division and that of the Special Term should be modified by adding the sum of $2,992.55 to the sum of $405.06 as surplus, and as so modified affirmed, with costs in all courts to appellants.

LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., not sitting.

Ordered accordingly.