In the Matter of the Application of Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of New York Title and Mortgage Company, Petitioner, for an Order against Kayares Theatricals, Inc., Respondent, Pursuant to Section 1077-c of Civil Practice Act.

Supreme Court, Special Term, Queens County, September 1, 1937.

*William A. Shea,* for the petitioner.

*Marks & Marks,* for the respondent.

HOOLEY, J.   The question presented to the court on this motion is whether interest on a second mortgage is allowable to the respondent in a proceeding under section 1077-c of the Civil Practice Act.   This section provides in part: " and if upon such application it shall appear to the satisfaction of the court that the mortgaged property during the six months prior to the application shall have produced a surplus over and above the taxes, *interest and all other carrying charges,* then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal."   The statute does not indicate that interest only on a first mortgage should be allowed.   It says " interest " which means all interest on legitimate mortgages. Interest on a second mortgage is just as much a carrying charge as interest on a first mortgage.   It might well be that an owner would lose his property through foreclosure of a second mortgage because moneys which should have been used to pay interest thereon were paid to a first mortgagee in reduction of principal through proceedings under section 1077-c.   This was never contemplated by the Legislature.

The moratorium legislation was designed to help owners of property by enabling them to defer principal payments.   Realizing that owners might take advantage of the situation and dissipate the income received from the property, the Legislature enacted section 1077-c in order to protect mortgagees (not merely the first mortgagees) by permitting them to come into court and obtain an

order directing the payment of surplus income over a six months' period, over and above taxes, interest and all other carrying charges and reducing the principal of the mortgage to the extent of the surplus thus received. The statute was not intended to help a first mortgagee obtain his principal before a second mortgagee received his interest. Of course where a subsequent mortgage is shown to be fictitious the interest paid thereon shou d not be allowed. (*Matter of Real y Associates, Inc.,* 267 N. Y. 91.)

Accordingly the court finds that the interest on the second mortgage should be credited to the respondent.

Items 1 and 2 disputed by respondent are shown by the affidavit of the auditor to have been erroneously included in other items, *i. e.,* the item of $51 for fuel oil was included in Sound Equipment Rental and the item of dues was included under Miscellaneous. As to item 4, Social Security Tax, respondent was allowed $76.11, which was the amount paid as shown by respondent's books. Management fee is fixed at $1,172.17; $153.84 is allowed for sundry taxes.

Motion granted and respondent is directed to turn over to petitioner the surplus in the amount of $585.26.