In the Matter of the Application of METROPOLITAN LIFE INSURANCE COMPANY, Petitioner, for an Order under the Provisions of Section 1077-c of the Civil Practice Act to Direct IREAB HOLDING CORP., as Owner of Premises Numbers 644 and 652 St. Mary's Street, Bronx, Respondent, to Pay over to It as Mortgagee Surplus of Income.

Supreme Court, Special Term, Bronx County, July 8, 1940.

*Tanner, Sillcocks & Friend* [*Finis E. Montgomery* of counsel], for the petitioner.

*Harry Schulman,* for the respondent.

EDER, J. These are companion applications instituted pursuant to the provisions of section 1077-c of the Civil Practice Act. The petitioner is the holder of a mortgage in the sum of $160,000 upon the premises No. 644 St. Mary's street, Bronx; the principal of this mortgage has been reduced to the sum of $122,200, which is now past due and remains unpaid; petitioner is also the holder of a mortgage in the sum of $190,000 on the premises No. 652 St. Mary's street, Bronx, the principal of which has been reduced to the sum

of $150,400, which is now past due and remains unpaid. These are applications for an order directing Ireab Holding Corp., the owner of these premises, to pay over to the mortgagee-petitioner the surplus of income over and above taxes, interest and carrying charges for the period from November 1, 1939, to April 30, 1940, to be applied in reduction of past due principal, pursuant to the provisions of said statute. Section 1077-c, among other things, provides that "if * * * it shall appear to the satisfaction of the court that the mortgaged property during the six months prior to the application shall have produced a surplus over and above the taxes, interest and all other carrying charges, then the court may make an order directing the payment of such surplus or such part thereof as the court may determine to the mortgagee to apply toward the reduction of any past due principal."

This section also requires that the owner of the property produce and make available for inspection by the mortgagee and the court all records and data available as to income and disbursements. The petitioner alleges that on April 26, 1940, its attorneys made a demand on the owner for a detailed verified statement of income and disbursements for the six months' period ending April 30, 1940, but that no such statement has been furnished and petitioner bases these applications upon a statement by the owner of the income and expenses for the twelve months beginning September 1, 1938, and ending August 31, 1939, verified on July 15, 1940.

The opposing affidavit avers that there has been no substantial change in the rate of income or operating expenses during the six months' period ending April 30, 1940, and based upon the statement for the twelve months' period ending August 31, 1939, there was, as respects premises No. 644 St. Mary's street, a surplus of income from the mortgaged premises for the six months ending April 30, 1940, amounting to approximately $418.22 on a cash basis, or $30.69 on an accrual basis, and as respects premises No 652 St. Mary's street, there was a surplus of income amounting to approximately $730.17 on a cash basis, or $276.64 on an accrual basis.

Petitioner on page 3 of its brief submitted hereon states: " In view of this admission and the statement by the president of the respondent corporation, there seems to be no necessity for requiring the respondent to produce its records and data for inspection by the petitioner's attorneys, or by the court and the statement for the twelve months' period ending August 31, 1939, can be used for the basis of the determination of this motion by the court."

Petitioner concedes that an owner of the mortgaged property in an application under section 1077-c is entitled to use either a

cash or accrual basis for his account of income and expenses, whichever is the more favorable to him, and that in this instance the accrual basis is more favorable to the owner of the mortgaged premises and that petitioner will, for the purposes of this application, consider only the admission or concession that upon the accrual basis there was a surplus of income, as respects premises No. 644 St. Mary's street, amounting to $30.69, and as respects premises No. 652 St. Mary's street, a surplus of income amounting to $276.64.

Objection, however, is made by petitioner to two items of expense as listed in the statement for the twelve months' period ending August 31, 1939, one being a supervision fee (Mrs. Abel's salary), $600, and the other being $120, for accounting, making a total of $720 for each of said premises. The basis of the objections is that the premises in question are in the hands of a renting and management agent, i. e., E. Osborne Smith, Inc., and that in view of that fact the payment of a salary to Mrs. Abel cannot be considered as one of the necessary carrying charges authorized by section 1077-c to be deducted from the gross income in order to determine the amount of the surplus income; that the item of $120 for accounting would also seem to be an improper item of expense to be deducted from the gross income; that there appears to be no necessity for an accounting, since if the accounting relates to the account to be rendered by the renting agent E. Osborne Smith, Inc., to the owner, for the rents collected, the duty to account would come within the scope of the agent's employment for which no additional charge should be made over and above the commission paid to the agent.

In opposition the owner states with regard to these two particular items that the item of $600 per year paid to Mrs. Abel is on the basis of $50 a month or $12.50 per week, and that she executes leases, supervises repairs and purchases and makes all payments from her office; that she also assists E. Osborne Smith, Inc., the managing agent of the buildings, in the letting of apartments, spending every day at the property, except Sundays. That another reason for engaging her was that she knew most of the tenants of the buildings and that her husband (now deceased) was the managing agent of the buildings prior to the hiring of E. Osborne Smith, Inc., and that she had assisted her husband in the management and supervision of the buildings; that because of her services E. Osborne Smith, Inc., accepted a reduced compensation.

I am of the opinion that the charge for her services is a carrying charge properly deductible under section 1077-c, and is not

excessive but is reasonable in amount, and, also, that her employment is a justified one. Likewise, I am of the opinion that the item of $120 for accounting, at the rate of $10 a month for the purpose of preparing necessary reports and keeping records of operations, is a reasonable and necessary carrying charge. The objections to these items as improper items of expense are overruled.

However, the surplus of income is not correctly computed by the respondent. As to premises No. 644 St. Mary's street, it is reported to be $30.69; as to premises No. 652 St. Mary's street, it is reported to be $276.64. As the present applications each relate only to a six months' period, then only one-half of these two items — salary, $600 and for accounting, $120, totaling $720, to wit, the sum of $360, should be added to each surplus of income and the proper computations as to surplus are as follows: On premises No. 644 St. Mary's street, $390.69; on premises No. 652 St. Mary's street, $636.64.

However, I do not see that petitioner is entitled to any part of these sums. Each of the mentioned premises is subject to a second mortgage and there are arrears of interest thereon. It has been held that "interest and all other carrying charges" as used in section 1077-c include interest on a second mortgage and that the same must be allowed in determining the surplus income from the mortgaged premises payable to the first mortgagee (*Matter of Pink* v. *Kayares Theatricals, Inc.*, 164 Misc. 289), and interest paid on a valid junior mortgage is a proper charge against the income of the mortgaged premises under the moratorium statute. (*Central Hanover Bank & Trust Co.* v. *42 Broadway Realty Corp.*, 172 Misc. 606.) On page 7 of petitioner's brief it is stated: " As stated upon the argument, we do not question the validity of the second mortgage held by members of the same family as the owners of the capital stock of the respondent corporation, nor do we question the payments of interest made to the holders of said second mortgage."

The second mortgagee, in each instance, has consented that the present available surplus be used by the respondent to provide for certain repairs, painting, refrigerators, and all other maintenance and necessary work, in order to preserve the rental income. While this surplus is, in the first instance, available to the second mortgagee to be applied on account of arrears in interest due on the second mortgage, I find no inhibition in the statute, or by judicial ruling, against such mortgagee consenting that it be used for the proper maintenance and upkeep of the mortgaged premises, the effect of which is to enhance the value of the premises and the security of the mortgage lien, and I am of the opinion, and hold,

that it is optional with the junior mortgagee, in the absence of any statutory restriction, or prohibition by judicial fiat, to waive the application of such surplus to the payment of arrears in interest due on the junior mortgage and to consent to its use for the purposes aforesaid.

If the second mortgagee received the surplus, and then, in turn, loaned it to the owner for such purposes, the petitioner, as senior mortgagee, would not be entitled to any part of it, though, to be sure, its application to the payment of the arrears in interest would reduce the indebtedness under the junior mortgage. But in practical effect, as far as the petitioner is concerned, and in actual result, by its application to the maintenance and upkeep of the mortgaged premises, the position of the senior mortgagee is not lessened, but rather enhanced thereby in the preservation of the rental income. The security of the first mortgage is in no way impaired.

The security of the first mortgage appears to be ample and the property appears to be economically managed. Considering all the facts and circumstances, and the purpose of the statute, and for the foregoing reasons, it is my view that there is no basis for these applications. Motion denied, in each instance.