In the Matter of the Application for Permission to Foreclose a Mortgage, by EBLING BREWING COMPANY, INC., Petitioner, Respondent, Appellant, against RUBEL CORPORATION and SAMUEL RUBEL, Appellants, Respondents, Impleaded with RUBEL COAL & ICE CORPORATION and HENRY J. SENGER, Defendants.

First Department, December 20, 1940.

*Joseph M. Proskauer* of counsel [*John F. Condon, Jr.*, with him on the brief; *Rogers & Condon*, attorneys], for the respondent, appellant.

*Samuel A. Telsey* of counsel [*Telsey & Young*, attorneys], for appellants, respondents.

PER CURIAM. We are in accord with the contention of the mortgagor that its profits from the various businesses conducted upon the mortgaged premises should not be taken as reflecting

the income produced within the purview of section 1077-c of the Civil Practice Act, but that the net rents actually received should be adopted as the true index of income. We are of opinion that, since the brewery lease provided for rental out of annual profits, one-half the yearly figure rather than a six months' figure should be accepted.

Upon the record, we do not think that it was error to disallow a deduction on the alleged $1,000,000 note, nor do we think that sufficient proof was adduced to justify a write-off on bottles and cases. The income from the brewery for the period in question, therefore, is fixed at $71,887.65.

As to Amalgamated Ice Manufacturing Co., Inc., its lease specifically provided for monthly percentage rents out of profits. There is no reason, therefore, to compute on an annual basis, especially in view of the terms of the statute which are binding. (*Chase National Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350.) The income produced from this source, therefore, is fixed at the sum of $57,624.04.

We find no reason for disturbing the income of the ice cream plant, $7,201.35, the casino rental, $6,000, or the miscellaneous rentals of $1,840.20, about which items there now seems to be little, if any, dispute.

However, we are of opinion that there should be allowed as a deduction the interest on the third mortgage executed October 1, 1928, in the sum of $8,215.82. (*Chase National Bank* v. *Guardian Realties, Inc.*, *supra*, pp. 365, 366.) The moratorium laws were enacted for the benefit of and to protect owners of real property. Not to give them, however, an undue postponement of their obligations when surplus income was had, the Legislature enacted section 1077-c of the Civil Practice Act. In that section the word " interest " is used generally and there is nothing to show that interest on *bona fide* junior mortgages executed prior to July 1, 1932, was to be excluded. If such were the intent, " It might well be that an owner would lose his property through foreclosure of a second mortgage because moneys which should have been used to pay interest thereon were paid to a first mortgagee in reduction of principal through proceedings under section 1077-c. This was never contemplated by the Legislature." (*Matter of Pink* v. *Kayares Theatricals, Inc.*, 164 Misc. 289, 290.) Expenses of $55,631.17, as found by the referee, are, therefore, allowed.

Special Term properly denied the application for an additional allowance. However, we are of opinion that in the exercise of its discretion it should have granted the petitioner costs at the rates prescribed for an action pursuant to the provisions of section 1492 of the Civil Practice Act.

The order, so far as appealed from, therefore, should be modified by reducing the amount directed to be paid for arrears of amortization from the sum of $120,000 to $88,922.07, with costs as indicated, and, as so modified, affirmed, but without costs of this appeal.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and CALLAHAN, JJ.

Order, so far as appealed from, unanimously modified as indicated in opinion, and, as so modified, affirmed, without costs of this appeal. Settle order on notice.