■ CORONET CAPITAL COMPANY, Plaintiff, v ROSALIND T. SPODEK, Doing Business as COLLEGE PROPERTIES, et al., Appellants-Respondents, et al., Defendants, and KENNETH SCHECHTER et al., Respondents-Appellants. [696 NYS2d 191] —In an action, *inter alia,* to foreclose a mortgage, the defendants Rosalind T. Spodek d/b/a College Properties and J. Leonard Spodek appeal from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 22, 1998, as granted that branch of the motion of Kenneth Schechter and Richard Aidekman which was to direct the payment of $50,000 of the surplus funds generated by the foreclosure sale, and Kenneth Schecter and Richard Aidekman cross-appeal from so much of the same order as denied that branch of their motion which was to direct the payment of the full amount of the surplus funds.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It has long been held that a mortgage is not valid and enforceable unless there is an underlying valid debt or obligation for which the mortgage is intended as security (*see, Beck v Sheldon,* 259 NY 208; *Baird v Baird,* 145 NY 659; *Haven Assocs. v Donro Realty Corp.,* 149 AD2d 667; 9 Warren's Weed, New York Real Property, Mortgages, § 4.01 [1] [4th ed]). After a hearing, the court refused to enforce the mortgage of Kenneth Schechter and Richard Aidekman because their own testimony revealed that the mortgage was not given as security for a valid debt. The hearing court's credibility determination is entitled to great weight on appeal (*see, Miale v Miale,* 258 AD2d 444). Since it is amply supported by the record, it

will not be disturbed (*see, Avco Mtge. Co. v Ward,* 255 AD2d 347; *Leonard v Grimes,* 246 AD2d 630).

However, to reimburse Kenneth Schechter and Richard Aidekman for a $50,000 payment they made in order to delay the foreclosure sale in this action, the court properly found that they held an equitable lien on the property in the amount of $50,000 (*see, Great E. Bank v Chang,* 227 AD2d 589; *Jacone v DeRosa,* 173 AD2d 525). Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.