TYLER, Appellant, vs. STITT, Administrator, Respondent.

*February 6—February 23, 1906.*

*Gifts: Promise to make: Enforcement: Parties: Executors and administrators: Trusts: Estoppel: Joinder of causes of action.*

1. Actual delivery of the property is essential to the validity of a gift.  The delivery as a gift of the promisor's own note is not a delivery of the property, but a mere promise to deliver it, and not enforceable.
2. Plaintiff filed against the estate of defendant's intestate a promissory note signed by the intestate and also by defendant, her husband, as an individual, the note being without any consideration.  Plaintiff was not related to the parties to the note, but was brought up in their family.  The intestate had theretofore named plaintiff as a beneficiary in a will which was revoked at the same time the note in question was executed and delivered.  The defendant at the same time named the plaintiff as a beneficiary in a codicil to his own will, which, with the codicil and note, was delivered to plaintiff.  It also appeared that defendant was sole heir at law of his intestate.  *Held:*

    (1) The note was a mere promise to make a gift in the future and hence not enforceable against the estate.

(2) The note being filed as a claim against the estate for a debt supposed to be due from it, the defendant was defending in his representative character as administrator only, the estate being the real defendant.

(3) Any trust or estoppel which could be invoked against the defendant in respect to such note affected him only as an individual and not as administrator.

(4) Being sued as·administrator in a pure action at law, defendant could not be held as an individual upon an entirely different cause of action in equity.

:3. A cause of action to enforce a trust or estoppel against a defendant as an individual cannot be joined with or converted into a cause of action against him as administrator.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This is a claim against the estate of Mrs. Olive A. Stitt, deceased, upon an instrument in writing, as follows:

"Milwaukee, Wis., June 18, 1897.

"I promise to pay *Robert D. S. Tyler,* or order, four thousand five hundred dollars, with 6 per cent. interest from this date, payable after my demise, out of my estate.

"OLIVE BLAKE STITT,

"J. S. STITT."

The claim was objected to by *J. S. Stitt,* as administrator of the estate, on the ground that the note was wholly without consideration. The claim was disallowed by the county court, and upon appeal to the circuit court a verdict for the defendant was directed. It appeared upon the trial in the circuit court that the deceased, whose name by virtue of her first marriage was Olive A. Blake, married *James S. Stitt,* the defendant and present administrator of her estate, in the year 1891; that the claimant is a young man not related to either *Mr.* or Mrs. Stitt, but that he was brought up by them in their family and treated as a son; that neither *Mr.* nor Mrs. Stitt had any children of their own; that in 1892 the deceased made her last will, giving one half of her property, amounting to some $9,000, to her husband, *James S. Stitt,*

and divided the remainder into three equal shares, one to
the appellant, one to a sister of the deceased, and one to a
niece, and further that in case of the death of the niece before
the death of the testatrix her share should go to *James S*.
*Stitt,* if he survived the testatrix, otherwise to the appellant;
that in December, 1891, *James S. Stitt* made his will, giving
all of his property to his wife; that on the 26th of October,
1896, Mrs. Stitt revoked her will, and in June, 1897, the
deceased executed the note on which this claim is based and
delivered the same to the claimant, and at the same time
*James S. Stitt* executed a codicil to his will providing that in
case his wife died not surviving him, then all of the property
owned by him should go to the claimant, and delivered his
original will and the codicil to the claimant; that there was
no consideration for the note, and that it was intended simply
as a gift by Mrs. Stitt to the claimant; that *James S. Stitt* is
the sole heir at law of the deceased. The claimant appeals
from a judgment dismissing the action.

For the appellant there was a brief by *McElroy & Esch-
weiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there was a brief by *Scheiber & Orth,*
and oral argument by *C. A. Orth.*

WINSLOW, J. It is very apparent that the appellant has
no valid claim against the estate of the deceased. The in-
strument in question was without consideration. It was but
a mere promise to make a gift in the future. A promise to
make a gift cannot be enforced. Actual delivery of the prop-
erty is essential to the validity of a gift, and delivery of the
promisor's own note is not delivery of the property, but a
mere promise to deliver it. All this is familiar law.

It is claimed that the evidence shows such conduct on the
part of the administrator and heir at law as will raise a con-
structive trust on his part, requiring him to carry out the at-
tempted gift, under the principles laid down in *Brook v.*

*Chappell,* 34 Wis. 405, or at least that he should now be es-
topped from asserting that the gift was not valid. We are
not called upon now to decide these questions. This is a
simple claim against an estate for a debt supposed to be due
from the estate. The defendant is defending that claim in
his representative character as administrator only. The es-
tate is the real defendant; if there is no debt owing from the
estate there can be no recovery. If there be any estoppel or
trust which can be invoked against *Mr. Stitt,* it affects him
only as an individual and not as administrator. Being sued
as administrator in a pure action at law, he cannot be held
as an individual upon an entirely different cause of action in
equity. The two causes of action could not be joined. *Ha-
warden v. Y. & L. C. Co.* 111 Wis. 545, 87 N. W. 472. A
*fortiori* one cannot be turned into the other.

*By the Court.*—Judgment affirmed.