## CRANE COMPANY OF MINNESOTA v. ADVANCE PLUMBING & HEATING COMPANY AND ANOTHER.[1]

April 5, 1929.

No. 27,257.

*Stevens & Stevens,* for appellant.
*James E. O'Brien,* for Security Mutual Life Insurance Company, respondent.

STONE, J.

In this action for the foreclosure of mechanics' liens, plaintiff Crane Company appeals from a judgment establishing the priority over its lien of a mortgage now held by respondent, Security Mutual Life Insurance Company.

The involved claims arise out of the construction of a dwelling in Minneapolis. The general contractor sublet the plumbing to Advance Plumbing & Heating Company, which purchased the plumb-

[1]Reported in 224 N. W. 847.

ing supplies for the job from plaintiff. Between February 19 and March 20, 1926, plaintiff furnished and delivered goods of the value of $891.69, no part of which has been paid. In its lien statement, February 19, 1926, is given as the date of furnishing the first item of the material and March 20, 1926, as the last. Under our statute, G. S. 1923 (2 Mason, 1927) § 8494, plaintiff's lien, in the absence of special circumstances preventing that result, would have attached from "the beginning of the improvement" and so would have taken precedence over respondent's mortgage which went of record after the improvement was begun.

The decision below subordinates plaintiff's lien claim to respondent's mortgage because solely of a letter written by plaintiff February 3, 1926, to Mr. Ernest Lundeen, owner of the property, and reading as follows:

"We hereby release in all things any and all claims or lien rights which we may have against your residence at the above address by reason of our having furnished all plumbing and heating material to the Advance Plumbing & Heating Co., which was by them installed in residence at the above location.

"This release is furnished at the request of the Advance Plumbing & Heating Co."

That letter was held below to have been a waiver, as against respondent, of plaintiff's lien right. Agreeing in that view, we shall hereafter refer to it as a waiver. The Brown Agency, Incorporated, had made a building loan to Lundeen secured by the mortgage since assigned to respondent. Plaintiff's waiver was forthwith exhibited to the Brown Agency. The finding, well sustained by the evidence, is "that said instrument was furnished to said Advance Plumbing & Heating Company for the purpose of enabling it to obtain money by means thereof from the Brown Agency, Incorporated, * * * and that in reliance thereon said The Brown Agency, Incorporated, on or about the 15th day of February, 1926, paid the said Advance Plumbing & Heating Company" an aggregate of $1,816.67 out of the funds secured by respondent's mortgage.

When the waiver was given, February 3, 1926, plaintiff had furnished all of the "roughing-in" stuff, and it had been installed and paid for by the Advance company. So for the materials furnished before giving the waiver plaintiff had no lien right. And, however technical and narrow it may be, the statement is accurate that on February 3, 1926, the only thing plaintiff could release was its lien right for goods subsequently furnished. But it is not narrow or technical to say, as the fact is, that, plaintiff having but one job and one contract, it had but one lien right either to enforce or to waive. Plaintiff had been paid and had receipted for the supplies already furnished. As applied to plaintiff's claim and lien right for them, its letter was of no effect—it added nothing to the receipts already given. There was at the moment no claim or lien right "against your residence" to waive unless the one for the goods remaining to be furnished by plaintiff. The waiver applies to that or nothing. It operated upon that prospective claim and right or it was a mere gesture, without purpose and barren of effect. Yet it was carefully secured by the plumbing contractor. To what end, unless to get payment on its own contract?

The argument for plaintiff is that its waiver was intended to apply, and should be taken to apply, only to its lien right for goods theretofore furnished. It stresses the clause of the letter relative to the heating material already furnished "which *was* by them [the Advance Plumbing & Heating Company] installed in residence at the above location." The use of the past tense "was" is the main if not the sole support for plaintiff's argument, that the waiver did not touch its right to a lien for stuff remaining to be delivered.

The question is not what was the actual but what the expressed intention of plaintiff in writing the letter—what its intended use and whether the Brown Agency was justified in putting upon it the construction it did when it released upon the faith of it funds secured by the mortgage. In so far as the letter affects either the claim or the lien right of plaintiff, it is a distinct and self-named "release" furnished at the request of the plumbing contractor of "all claims or lien rights which we may have." There is nothing

about the letter, read in the light of its contemporary circumstances, to have suggested that as a waiver it was partial or incomplete or that the writer was holding back a lien claim to assert later. The clause so much depended upon by appellant ("which was by them installed in residence at the above location") is descriptive of physical subject matter but not restrictive of effect. It could well be taken by one knowing nothing to the contrary as indicating that plaintiff's part in the job was complete and paid for. That conclusion is buttressed by the next and concluding statement that the "release" had been furnished at the request of the plumbing contractor. Such releases are ordinarily furnished contractors to enable them to get money from somebody. Where that is not the special purpose, the usual receipted bill or invoice adequately serves all others. So when money is paid upon the faith thereof, as the parties must expect it to be, the releasor cannot then qualify or limit the reasonable purport of his own language by some mental reservation of his own, or some remote and far-fetched implication to which his language is susceptible only when read with no reference to the circumstances of its origin and intended use.

This case does not go to decision upon the idea of waiver alone. Even were that its only phase it is, as already suggested, the intention expressed or "manifested" (Fishback v. Van Dusen & Co. 33 Minn. 111, 22 N. W. 244) that controls against some purpose concealed or gotten at only by remote and unreasonable implication. But in this case we have all the elements of the typical equitable estoppel—representations "intentionally made under such circumstances as show that the party making them intended, or might reasonably have anticipated, that the party to whom they are made, or to whom they are to be communicated, will rely and act on them as true, and the latter has so relied and acted on them." Stevens v. Ludlum, 46 Minn. 160, 161, 48 N. W. 771, 13 L. R. A. 270, 24 A. S. R. 210; 3 Wd. & Phr. (3 ser.) 352.

Judgment affirmed.

WILSON, C. J. (dissenting).

To my mind the plain and simple language used has a very definite meaning. The opinion seems to be based upon an unauthor-

ized assumption that it was given to cause someone to pay out money. That inference may be permissible when taken in its ordinary meaning. It merely means payment in full to date. That was plaintiff's obvious intention. The language does not permit defendant to say that it has been misled thereby.

DIBELL, J. (dissenting).
I concur in the views of the Chief Justice.