LULU DeWOLF v. H. B. JOHNSON AND OTHERS.[1]

June 14, 1929.

No. 27,463.

[1]Reported in 225 N. W. 908.

*Weikert, Lohmann & Wilford,* for appellant.

*S. Bernhard Wennerberg* and *Sullivan, Neumeier & Nolan,* for respondents.

STONE, J,

This action for the cancelation of two real estate mortgages resulted in a decision against plaintiff to the effect not only that the mortgages should not be canceled but also that they should be foreclosed for the benefit of two of the defendants. Plaintiff appeals from the judgment.

For some time before October 3, 1922, plaintiff and her then husband were operating a farm in Chisago county which they owned. They also owned certain improved lots in Pine City in Pine county. They were much in debt and harassed by creditors. To secure the claims of four of the latter they executed, October 3, 1922, the two mortgages now involved—one for $6,000 on the farm in Chisago county and the other for $7,000 on the lots in Pine county. Both mortgages and the two notes secured thereby ran to defendant H. B. Johnson as mortgagee but for the benefit of the four principal creditors of plaintiff and her husband, defendants S. C. Johnson & Sons, Inc. First National Bank of Rush City, First National Bank of Pine City, and First State Bank of Henriette. The agreement was that Mr. Johnson, as payee of the notes and as mortgagee, was taking the security for the four creditors named, who were to share in proportion to the then amounts of their respective claims against plaintiff and her husband. The total was then estimated to be $13,000; hence the amount of the notes, one for $7,000 and the other for $6,000. The correct amount as established by the findings was $12,335.92. Some question is made whether all of it was properly chargeable to plaintiff as well as her husband. There is so much evidence against plaintiff on that issue that the resulting finding needs no discussion.

The First State Bank of Henriette never consented to the mortgage as one in trust for its benefit or at all. Instead and in 1923,

under a paramount lien, it levied upon and sold under execution the Pine City lots covered by the $7,000 mortgage. From that sale defendant First National Bank of Rush City redeemed as a creditor by payment to the sheriff of $2,137.80. The property is found to have been worth at that time $3,500. But after making the redemption and paying the taxes then accrued there was a residue of that value, as found below, of only $538.15, with which the decision charges the First National Bank of Rush City and credits plaintiff.

The mortgages to defendant Johnson were assigned by him in January, 1927, to defendant First National Bank of Rush City. Plaintiff and her husband are found to have "consented and agreed" to that assignment and that the assignee holds "said notes and said mortgages upon the same terms and for the same purpose" for which they had been held by defendant Johnson. During the course of the action defendants First National Bank of Pine City and First State Bank of Henriette waived whatever claims they had to the benefit of the two notes and mortgages. There is a finding that all of the defendants except First State Bank of Henriette consented to and joined in the agreement, between plaintiff and her husband on the one hand and defendant H. B. Johnson on the other, as to the purpose for which the mortgages had been originally made to Johnson and for which they have since been held by him and his assignee. At the time of the decision there was found due from plaintiff to defendant S. C. Johnson & Sons, Inc. $2,943.61, and to defendant First National Bank of Rush City, $667.16. The mortgage for $7,000 on the lots in Pine City disappeared from the picture because of the sale under execution and the redemption through which the redemptioner, First National Bank of Rush City, became the owner in fee. Plaintiff has no legal complaint of that transaction because she has received credit for the full value of the property. The decision under review denied her cancelation of the $6,000 mortgage on the Chisago county farm; found it to be security for the remaining debts to defendants S. C. Johnson & Sons, Inc. and First National Bank of Rush City, and decreed its foreclosure accordingly.

The findings of fact are so well supported by the evidence that the case need not be discussed at length. There was ample consideration for both notes and mortgages in the pre-existing debts. G. S. 1923 (2 Mason, 1927) § 7068 (N. I. L. § 25). But it is argued for plaintiff that there was such failure of consideration that she is entitled to relief. In that we cannot agree. True, the First State Bank of Henriette did not consent as was intended and agreed. It is claimed also that the First National Bank of Pine City, another of the four creditors intended to be benefited, refused to consent. That issue is found against plaintiff but is not determinative. Unquestionably two of the creditors did consent, and defendant S. C. Johnson & Sons, Inc. whatever may be said of the others, extended plaintiff and her husband an indulgence by way of an extension of time. There was not a total but at best only a partial failure of consideration. Inasmuch as the remaining mortgage is being enforced only as to a balance of the debt for which it was intended as security, after giving plaintiff all the credits to which equity can in any way entitle her, there is certainly no reason why at this late day the mortgage instead of being enforced fairly and equitably should be canceled. The case reduces itself to the decisive proposition that plaintiff has not shown herself entitled to any equity superior to that of the two defendants for whose benefit only the mortgage will be foreclosed under the judgment below, which must be affirmed.

So ordered.