## CEMSTONE PRODUCTS COMPANY v. VALENTINE JOHN GERSBACH AND ANOTHER.[1]

December 9, 1932.

No. 28,980.

[1]Reported in 245 N. W. 624.

*O'Malley & O'Malley* and *Kellogg, Morgan, Chase, Carter & Headley,* for appellant.

*Linus J. Hammond,* for respondent Valentine John Gersbach.

*Keller, Broady & Chapin,* for respondent John W. Bonk.

OLSEN, J.

Appeal by plaintiff from an order denying its alternative motion for judgment or a new trial after verdicts for defendants.

The suit is upon an instrument in the form of a promissory note, payable in instalments, given by defendants to Hammon T. Becken, who was then doing business under the name of Concrete Products Company, which has since been incorporated as the Cemstone Products Company. The note is for the sum of $11,512, dated February 27, 1925, payable in instalments of $250 per month, commencing April 1, 1925, with interest at eight per cent per annum. Plaintiff claims a balance of some $3,700 unpaid on this note. We refer hereinafter to Mr. Becken as plaintiff.

Without attempting any detailed statement of the facts, it appears that plaintiff furnished material and labor for the construction of a garage building for defendants in the city of St. Paul on a cost plus basis. Defendants furnished some material and some labor for the building. During the building operation attempts were made to finance the building construction by a mortgage loan, but without success. Defendants did not own the real estate on which the building was constructed, but had a 25-year lease thereof.

According to defendants' evidence, when the attempts to obtain a mortgage loan failed, plaintiff agreed to complete the building and carry the expense until that time. At the completion of the building plaintiff wanted to get his money, said he had to have some money. There was a prior indebtedness of about $1,700 owing by plaintiff to defendants, for which defendants were to have credit in the account. The principal disputes between the parties arise at this point. Plaintiff claims that the amount of the note is the amount that was due by defendants to Becken for cost of the labor and material furnished, plus ten per cent as agreed, after deducting the $1,700 indebtedness to defendants. Defendants claim that the total amount then owing by them to plaintiff did not exceed $8,700, and that plaintiff was to charge six per cent interest; that plaintiff then proposed that a note be given so that he could sell it and get some money out of it and that the note should be made for 25 per cent more than was owing so that he could sell it at a discount up to 25 per cent of its face; that the figures for the amount of the note were placed at $11,512; that the note was to be used for sale purposes only and was to be canceled if not sold; that defendants' lease was to be assigned as security; and that plaintiff said he would file a lien if the matter was not settled. The defendants then signed the note and assigned the lease. The note was not sold. It has been used by Becken as collateral only. The plaintiff corporation is not a holder of the note for value or in due course.

■ Defendants claimed that the inclusion of some $2,800 more than the amount actually due, in this note, constitutes usury. The court submitted the question of usury to the jury. This is assigned as error. If the evidence justified the submission of the issue to the jury, there is no claim that the court erred in its charge as to usury. Our usury statute is very broad and definite.

"No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum, or any greater value, for the loan or forbearance of money, goods, or things in action, than eight dollars on $100 for one year." G. S. 1923 (2 Mason, 1927) § 7036.

In a number of cases we have said that in order to constitute usury there must be a corrupt intent on the part of the lender or the one who grants credit or forbearance. The expression "corrupt intent" is criticized in 6 Dunnell, Minn. Dig. (2 ed.) p. 631, note 32. Where a creditor intentionally exacts or takes a note or instrument for the forbearance of money, providing for the payment to him of a sum greater than the amount owing and eight dollars on $100 for one year, the jury or trier of facts may find usury. The corrupt intent in such a case, if we so call it, consists in the intent to take or receive more for the forbearance of money than the law permits, and this is true whether or not the taker knows he is violating the usury law.

Plaintiff seeks to tie up the note in question with the building contract and to apply the rule that the parties may make such contract as they choose for the performance of labor and furnishing of material; also that more may be charged for a credit sale than for a cash sale. But according to defendants' evidence the building contract was completed at the time the note was given, and the only question then was the amount owing under the express terms of the building contract. On the evidence presented the court did not err in submitting the question of usury to the jury.

It is assigned as error that the court submitted to the jury the question of partial want of consideration as a defense pro tanto. The court did say to the jury that defendants claimed that they did not owe plaintiff more than between $8,000 and $8,700 at the time the note was given, and claimed that, to the extent of the difference between the amount owed and the amount of the note, there was failure of consideration. The court further said that defendants claimed that the payments made cover the amount actually owed, with interest, and claimed that they owe plaintiff nothing on this note. The court, after charging as to plaintiff's right to recover, said to the jury:

"On the other hand, if you find that only about $8,700 was due from the defendants to Becken at the time of the making of the note, and that the payments made by the defendants are sufficient

420

to satisfy the actual indebtedness in full as it existed under the contract, then your verdict should be for the defendants."

The submission of the question of partial want of consideration and payment in this form was not error. Brown v. Roberts, 90 Minn. 314, 96 N. W. 793; G. S. 1923 (2 Mason, 1927) § 7071.

Complaint is made of the submission to the jury of the question as to whether defendant Bonk had been released from liability on the note by a subsequent agreement of the parties. The jury having found that defendant Gersbach owed nothing on the note, the question of any release of defendant Bonk is of no consequence. He could not be held liable unless Gersbach was held liable.

■ The only other question raised by the assignments of error is that the verdicts are not sustained by the evidence. We hold that they are.

The counterclaim presented by defendant Bonk is not questioned. Order affirmed.

