ESTATE OF SMITH: ODELL, Appellant, vs. SMITH and another, Executors, Respondents.

*December 9, 1937—January 11, 1938.*

For the appellant there was a brief by *Elmer F. Schumacher*, attorney, and *William E. Burke* of counsel, both of Milwaukee, and oral argument by *Mr. Burke*.

*Walter T. Jenks* of Baraboo, for the respondents.

MARTIN, J. We must dispose of this case upon the stipulated fact that the *only* consideration for the note was "love and affection." The appellant contends that the statutory presumption, provided for in sec. 116.29, Stats., that the note was issued for a valuable consideration, is not affected by the stipulation. She also contends that there was a moral consideration. The statutory presumption that the note was issued for a valuable consideration is eliminated from the case by the stipulated fact that the only consideration was "love and affection." Sec. 116.30, Stats., provides:

"Value is any consideration sufficient to support a simple contract. . . ."

"Natural love and affection or gratitude, which are called good, as distinguished from valuable, considerations, will

not alone suffice to support the promise contained in a bill or note." 8 C. J. p. 241, § 379, and cases cited under note 99.

In 3 R. C. L. p. 933, § 128, it is said:

"Love and affection, it is settled, do not constitute a sufficient consideration to support a promissory note. Love and affection, it is true, are held to be a sufficient consideration for a deed, but this is on the ground that, upon the execution and delivery of the deed, the title to the land passes, and the contract is no longer executory,—a reason that cannot apply to a note, inasmuch as nothing passes under the instrument until it is paid." (See cases cited under notes 14, 15, and 16.)

"A note whose only consideration is love and affection is not enforceable in law." 5 Uniform Laws Annotated, § 25, note 81, and cases cited.

In Daniel, Negotiable Instruments, the rule is stated as follows:

". . . A valuable consideration is necessary to support any contract, and the rule makes no exception as to the character of the consideration respecting negotiable instruments when the consideration is open to inquiry. And in the negotiable instrument statute 'value' is said to mean valuable consideration, and is defined as 'any consideration sufficient to support a simple contract.' Therefore, a consideration founded on mere love and affection, or gratitude, is not sufficient to sustain a suit on a bill or note; as, for instance, when a bill or note is accepted or made by a parent in favor of a child, or *vice versa,* it could not be enforced between the original parties, the engagement being gratuitous upon what is called a good, in contradistinction to a valuable, consideration. . . . And, of course, a note given by a parent to his child during his lifetime could not be enforced after his death against his estate." 1 Daniel, Negotiable Instruments (7th ed.), p. 241, § 196.

In Page, Contracts, the rule is stated thus:

"In the law of contract, a good consideration, as distinguished from a valuable consideration, is inoperative, and is

insufficient to support a promise. A promissory note, executed by a parent and delivered to his child upon consideration of love and affection, is unenforceable." Vol. I, p. 850, § 519, and cases cited under note 1. 1 Williston, Contracts (Rev. ed.), pp. 375, 377, §§ 110, 111; 7 Am. Jur., Bills and Notes, p. 929, § 237.

The rule, as stated above, is almost universal. A moral consideration will support an executory promise whenever the promisor has originally received value, material pecuniary benefit, under circumstances giving rise to a moral obligation on his part to pay for that which he has received. This court so held in *Park Falls State Bank v. Fordyce*, 206 Wis. 628, 238 N. W. 516; *Elbinger v. Capitol & Teutonia Co.* 208 Wis. 163, 242 N. W. 568; *Onsrud v. Paulsen*, 219 Wis. 1, 261 N. W. 541. In view of the stipulation made in this case, and no evidence having been taken in the county court, there is no basis upon which to argue or consider whether there was a moral consideration for the note in question.

"A promise to make a gift cannot be enforced. Actual delivery of the property is essential to the validity of a gift, and delivery of the promisor's own note is not delivery of the property, but a mere promise to deliver it." *Tyler v. Stitt,* 127 Wis. 379, 381, 106 N. W. 114.

"It is well settled as a broad general rule that a promissory note executed without consideration and intended merely as a gift *inter vivos* to the donee, cannot be made the basis of a recovery either at law or in equity by the donee against the donor or against his estate after his death. This is upon the ground that such a note is a mere promise, and that the gift of the note is the delivery of a promise only and not the thing promised, and a note without consideration, payable out of the estate of the maker after his death, is void. Natural love and affection are not now usually considered as constituting a good consideration so as to validate such a gift, as in the case of a note executed by a parent to a child." 12 R. C. L. p. 940, § 17; 28 C. J. pp. 660, 661, § 62.

The appellant further contends that the estate is estopped from asserting the invalidity of the note. On this point the following statement is made in appellant's brief:

"There is nothing in the record to indicate that the payee of this note changed her position in reliance upon it, but it is a fair presumption that she did so."

The law is well settled that one who asserts an estoppel has the burden of showing facts on which to base it.

"As it has been often pointed out, a necessary element of estoppel is that the party relying upon it has done so to his disadvantage." *Kitch v. Northwestern Nat. Ins. Co.* 189 Wis. 378, 387, 207 N. W. 716.

*By the Court.*—Judgment affirmed.