STERN, Appellant, vs. MINER and another, Respondents.

*October 9—November 4, 1941.*

42

44

For the appellant there were briefs by *S. P. Rigler* of Rice Lake, attorney, and *Samuel P. Halpern* and *Louis B. Schwartz* of Minneapolis, Minnesota, of counsel, and oral argument by *Mr. Schwartz* and *Mr. Halpern*.

For the respondents there was a brief by *Coe & Cameron* of Rice Lake, and oral argument by *Lawrence S. Coe*.

WICKHEM, J. The question in this case is whether upon the pleadings and affidavits enough facts are disclosed to bring the contract sued upon within the rule of *State ex rel. Cowie v. La Crosse Theaters Co.* 232 Wis. 153, 286 N. W. 707, and *State ex rel. Regez v. Blumer*, 236 Wis. 129, 294 N. W. 491. Plaintiff asserts that in the *La Crosse Case, supra,* the consideration for bank night found by this court out of facts admitted by pleadings was that hundreds of people go to bank night, not to see the show, but to participate in the drawing, and that in effect the money is paid not to see the show, but as a consideration for participation in the lottery; that in the *Regez Case, supra,* the consideration found from conceded facts was the daily attendance at the drugstore to get a premium card which had to be in the possession of the person whose name was drawn, as a condition to receiving the prize. In this case plaintiff says that he is not in a position to do more than deny knowledge or information sufficient to form a belief, (1) as to whether facts deemed important in the *La Crosse Case, supra,* exist here, or (2) the manner in which defendant actually administered the plan, and that since, under the rules of pleading, issue may be taken in this

manner, he ought not to have summary judgment entered against him, merely because by reason of his lack of knowledge or information he cannot meet the defendant with counteraffidavits.

The point raised is interesting, but we conclude that the issues to which it relates are immaterial, and that upon the undisputed facts it conclusively appears that the scheme outlined by the contract is a lottery. It appears to be assumed by plaintiff that there is a question of fact in every case involving "bank night" schemes whether in the particular case the vast majority of registrants actually buy tickets for the opportunity of participating in the drawing, rather than to see the performance. Upon this theory an elaborate investigation into the facts of each case would be necessary to determine whether a particular "bank night" project was illegal, and the result would be that identical schemes would be held lawful or unlawful, in accordance with the resolution of this fact issue. The mere statement of this contention should indicate its fallacy. The reaction of patrons in a particular community toward the scheme ought, not to be a determining factor. What the court had in mind in the *La Crosse Case, supra,* was that as a matter of fact the purpose, intent, and almost inevitable tendency of such a scheme is to induce registrants to pay out money to participate in the drawing, rather than to see the entertainment, and that this constitutes the consideration for the lottery and condemns it as such. Many things may constitute the consideration for a contract. It is the fact that they are the intended consideration that imports them into a contract. What was held in the *La Crosse Case* was that the contemplated consideration was increased attendance at bank nights for the purpose of the drawing, rather than to see the show. This purpose and intent is evident from a consideration of the entire scheme. The drawing has no possible connection with the entertainment offered. It does not advertise the merits of the show, and it would be quite naive to suppose that it has no purpose connected with at-

tendance at the show for the purpose of the drawing. It was because of the fact that these items were upon the face of the contract the contemplated and expected advantages in the scheme that the court in the *La Crosse Case* treated increased attendance and attendance at theaters without reference to the entertainment to be material factors. It was not proposed to submit to the trial court and jury in each individual case an investigation of what actually happened in a particular community, assuming the contract to have been carried out in strict accordance with the plan. Further than this, the *Regez Case, supra,* indicates very plainly that the mere attendance at the drugstore to obtain a premium certificate is a sufficient legal detriment to constitute consideration for the prize, and under the doctrine of this case it follows that the requirement of registration and appearance within the theater within a specified time after the announcing and drawing is also a. sufficient consideration to put the scheme within the definition of a lottery.

It follows that the issues of fact sought to be raised by plaintiff are immaterial in this case and as the contract must be judged as to its legality not by what happens afterwards but by its purpose and intended effect as declared by its terms, we hold that under its terms it constitutes a lottery, and that the trial court properly granted a summary judgment for defendant.

*By the Court.*—Judgment affirmed.