# HELEN SUSKE v. JOHN STRAKA.[1]

November 18, 1949.

No. 34,966.

*Fred J. Hughes,* for appellant.
*Ahles & Ahles,* for respondent.

[1]Reported in 39 N. W. (2d) 745.

PETERSON, JUSTICE.

This is an action to recover upon a promissory note in which the trial court directed a verdict for defendant upon the case made by plaintiff.

The appeal presents for decision the following questions:

(1) Whether the statutory presumption that a promissory note was issued for a valuable consideration persists after it has been shown by undisputed and uncontradicted evidence that the note was a "present" from the maker to the payee;

(2) Whether, where the evidence adduced by plaintiff conclusively shows that the defendant, maker of a promissory note, gave it to the plaintiff-payee as a gift, the court may decide the case upon such evidence without regard to the statutory presumption of consideration for the note;

(3) Whether something which otherwise might be a valuable consideration for a promissory note, but which the parties have not agreed should be such, is a consideration for the note; and

(4) Whether the maker's declarations at the time he gave the note to the payee and the latter accepted it that the note was a "present" may be rejected upon the ground that the maker was impeached as to moral character and veracity.

Defendant was the maker and plaintiff the payee of the note, which was for $5,000, dated August 18, 1937, recited "value received," and payable five years after date with interest at six percent. The answer alleged among other defenses those of want of consideration, nondelivery, and fraud by plaintiff in the procurement thereof from defendant. At the trial, defendant testified under cross-examination under the statute that he signed the note and that he had shown it to plaintiff, but had not delivered it to her. Plaintiff's counsel interrogated defendant as to whether he "gave" the note to her and whether he did "give" it to her. In answer to a question whether he had not testified upon another trial that he "gave" the note to her, defendant answered that he did not remember. His testimony at the former trial was not introduced in

evidence, and consequently the record does not show what it was. Plaintiff and her sister testified that defendant *gave* the note to plaintiff as a "present." Their testimony was to the effect that on August 18, 1937, they and defendant were together on a street in St. Cloud; that he went to an office; and that, when he returned, he gave the note to plaintiff as a "present." Plaintiff testified that defendant said that it was a "gift"—that his words were that "it is a present for you [plaintiff]."

Plaintiff's testimony covered in detail the relations existing between her and defendant for several years. She was a widow. Defendant proposed marriage to her, but she declined because he then had a wife in Germany. After he obtained a divorce and before the note in question was given, the parties became engaged to marry, but did not do so. Plaintiff lived in Minneapolis and defendant in St. Cloud. He rented a room from her in her house for about five or six years at an agreed monthly rental of $15, which he did not pay. He kept some clothes and other personal property therein and occupied it during his Easter and Christmas vacations, some week ends, and on other occasions. In addition, defendant several times borrowed money from plaintiff which he did not repay. While he neither paid the room rent nor the loans, he gave her numerous gifts, consisting of a diamond engagement ring, a fur coat, a bicycle for her daughter, groceries, meats, and a stove. An optician whom they consulted assumed, with their acquiescence, that they were husband and wife. In 1933, defendant gave plaintiff a promissory note for $7,500 without consideration, for the purpose, as they intended, of protecting her in case he died before they got married. Later, plaintiff was unsuccessful in an action to recover on this note.

A few weeks after defendant gave plaintiff the $5,000 note dated August 18, 1937, she sewed the note on the inside of one of defendant's vest pockets for the purpose of enabling him, in case she died, to repossess the note by merely taking his vest. A short time after she sewed the note in defendant's vest pocket she removed the note therefrom and put it in her safe-deposit box in a St. Cloud bank.

During the existence of their relationship defendant requested plaintiff to have sexual relations with him, which she refused. He refused to marry her, although several times she requested him to keep his promise to do so. Finally, the relationship between the parties ceased, and plaintiff brought this action on the note.

Plaintiff in her testimony specifically disclaimed that the money loaned by her to defendant was a consideration for the note, but there was no inquiry, and hence no testimony, as to whether the preëxisting promise of marriage, defendant's liability to plaintiff for room rent, or the inconvenience he had caused her were a consideration for it.

At the conclusion of the testimony on behalf of plaintiff both parties rested, and defendant then made a motion for a directed verdict upon the ground that it appeared as a matter of law that the note was given without consideration. The motion was granted upon the ground that the note was a "present" to plaintiff from defendant and, as such, was without consideration and unenforceable.

On the appeal, plaintiff contends that the trial court erred for the reasons: (1) That, as the case then stood, the statutory presumption of consideration for the note would have prevailed and thus have compelled decision in her favor, if the jury had rejected the only evidence to overcome the presumption—defendant's declarations that the note was a "present"—which plaintiff urges that the jury had a right to do, for the reasons that defendant, the declarant, had been impeached both as to moral character and veracity by the evidence that he wanted to have illicit sexual intercourse with plaintiff and that he was either untruthful or evasive as to his testimony upon the trial of the prior action; and (2) that, aside from any presumption, an actual consideration for the note was shown by the testimony to the effect that there was (a) a preëxisting promise of marriage, (b) an indebtedness to plaintiff for room rent and money loaned to him by her, and (c) inconvenience which he had caused her. Defendant contends that the evidence conclusively shows a gift, and that, because that is true, the note was as a matter of law without consideration, not only in

the respect plaintiff expressly disclaimed one, but in all respects.

The submission here has proceeded upon the assumptions, which correspondingly limit the scope of our decision, that as between the parties to a promissory note want of consideration is a defense (M. S. A. 335.134 [N. I. L. § 28[2]]; Cemstone Products Co. v. Gersbach, 187 Minn. 416, 245 N. W. 624); that a promissory note "is deemed prima facie to have been issued" for a valuable consideration and the maker to have become a party thereto for value (§ 335.13 [N. I. L. § 24]; Long v. Conn, 147 Minn. 77, 179 N. W. 644); that an antecedent or preëxisting "debt" constitutes a valuable consideration for a promissory note (§ 335.131 [N. I. L. § 25]; DeWolf v. Johnson, 177 Minn. 612, 225 N. W. 908); and that a gift is not divested by a redelivery of the subject thereof to the donor without intention to retransfer title to him, as, for example, plaintiff's sewing the promissory note in defendant's vest pocket (Larkin v. McCabe, 211 Minn. 11, 299 N. W. 649; see, Exsted v. Exsted, 202 Minn. 521, 279 N. W. 554, 117 A. L. R. 599).

■ The language of § 335.13 (N. I. L. § 24) is:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

The quoted section should be construed in connection with other provisions of the negotiable instruments law, including § 335.134 (N. I. L. § 28), which provides that as against a person not a holder in due course want of consideration is a defense. As between the payee and maker, want of consideration is a complete defense under the statute. Cemstone Products Co. v. Gersbach, *supra*. It is plain, therefore, that the legislative intent was that the "prima facie" presumption should be a rebuttable one, which should prevail only in the absence of evidence showing the facts with respect to the matter.

The nature of the statutory presumption of consideration for a promissory note and the role it plays in litigation is the same as other rebuttable presumptions of fact. Our rules relative to these

[2]Negotiable Instruments Law.

matters have been stated in a series of cases beginning with Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557, which are collected in 2 Dunnell, Dig. & Supp. §§ 3430, 3431. As held in Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535, a rebuttable presumption of fact persists until substantial proof to the contrary is introduced; then it ceases and vanishes from the case; and the case is then to be decided by the trier of fact the same as if the presumption had never existed. So here, if the undisputed and uncontradicted testimony that defendant (the maker) gave the note to plaintiff (the payee) as a "present" shows want of consideration, the statutory presumption not only ceased to be operative as a factor in decision, but completely vanished from the case, so that the case stood for decision without regard to the presumption.

While a recital in the note that it was given for "value received" in itself imports a consideration, such language yields to the facts shown by the evidence. Dougherty v. Salt, 227 N. Y. 200, 125 N. E. 94. Where the evidence produced by plaintiff shows the facts with respect to the consideration for the note, a consideration not shown by the evidence will not be presumed. Beh v. Van Ness, 190 Iowa 151, 180 N. W. 292.

The uncontradicted and undisputed testimony that defendant gave the note to plaintiff as a "present" shows that the note lacked consideration. The law is well settled that a gift is a transfer of property without consideration. Botchford v. Commr. Int. Rev. (9 Cir.) 81 F. (2d) 914, 110 A. L. R. 281. As said by Judge Joyce in Fleming v. Carleton Screw Products Co. (D. C.) 37 F. Supp. 754, 758: "* * * it is an essential characteristic of a gift that it be a transfer without consideration." A "present" is a "gift." State ex rel. Western Const. Co. v. Board of Commrs. 166 Ind. 162, 187, 76 N. E. 986, 994. It is plain that the parties here so used and understood the word "present." Plaintiff herself testified that defendant gave her the note as a "gift"—that in defendant's own language it was a "present." A gift of a promissory note by the maker to the payee is an executory promise without consideration to pay the face of the note according to its terms and is unenforce-

able the same as other promises unsupported by a consideration.[3] Meyer v. Meyer, 379 Ill. 97, 39 N. E. (2d) 311, 140 A L. R. 484; Dougherty v. Salt, *supra;* Tyler v. Stitt, 127 Wis. 379, 106 N. W. 114; Annotation, Ann. Cas. 1914C, 1139; 38 C. J. S., Gifts, § 55. In The Laura Baker School v. Pflaum, 225 Minn. 181, 30 N. W. (2d) 290, we applied the rule in the case of a check. Hence, when the uncontradicted and undisputed evidence showed that the note was a "present," it was conclusively established that it was a *gift* and that as such it lacked consideration. Thereupon the presumption of consideration vanished from the case.

■ Where the evidence on behalf of plaintiff conclusively shows want of consideration as a matter of law, the statutory presumption of consideration raises no fact issue with respect to the matter for decision by the trier of fact. In such a situation, the question for decision is one of law for the court, to be determined without regard to any presumption operative in the decision of questions of fact, including the statutory one of consideration for a promissory note. In re Estate of Brown, 159 Kan. 408, 155 P. (2d) 445; Mason v. Gardner, 186 Mass. 515, 71 N. E. 952; Baker v. Swearengin, 351 Mo. 1027, 174 S. W. (2d) 823; Bruyn v. Russell, 52 Hun (N. Y.) 17, 4 N. Y. S. 784; Estate of Smith, 226 Wis. 556, 277 N. W. 141.

■ The consideration for a promise, whether it be some benefit accruing to one party or some detriment suffered by the other (see, Estrada v. Hanson, 215 Minn. 353, 10 N. W. [2d] 223), or something else (see, 2 Dunnell, Supp. § 1750), must be something which both parties to the contract have adopted and regarded as such. Bard v. Kent, 19 Cal. (2d) 449, 122 P. (2d) 8, 139 A. L. R. 1032, and Annotation; Wilentz v. Hendrickson, 133 N. J. Eq. 447, 33 A. (2d) 366; Beck v. Sheldon, 259 N. Y. 208, 181 N. E. 360; McGovern v. City of New York, 234 N. Y. 377, 138 N. E. 26, 25 A. L. R. 1442;

[3]See, Wunder v. Wunder, 187 Minn. 108, 244 N. W. 682; 3 Dunnell, Dig. & Supp. §§ 4025, 4028.

1 Williston, Contracts (Rev. ed.) § 100.[4] In Stern v. Miner, 239 Wis. 41, 45, 300 N. W. 738, 739, the court said:

"* * * Many things may constitute the consideration for a contract. It is the fact that they are the intended consideration that imports them into a contract."

As applied here, while under § 335.131 (N. I. L. § 25), (see, DeWolf v. Johnson, 177 Minn. 612, 225 N. W. 908) the preëxisting indebtedness might have been a consideration for the note, and while in certain cases a promise to marry and inconvenience caused by the promisor to the promisee under the circumstances of this case might be a consideration for a promissory note (see, Campbell v. Jefferson, 296 Pa. 368, 145 A. 912, 63 A. L. R. 1180, holding that a preëxisting promise to marry without the rendition of service or loss or inconvenience sustained as a consequence of the promise is not a sufficient consideration for a promissory note), none of the things mentioned was a consideration for the note in question. By plaintiff's express disclaimer (and she is not contradicted on this point) the preëxisting indebtedness for money loaned by her to defendant was not a consideration for the note. The fact that the note was a gift from defendant to plaintiff excluded all other considerations. As has been said, it is characteristic of a gift that it is a transfer without consideration. The fact that there were other things which *might* have constituted a valuable consideration is not important, for the plain reason that the parties never adopted and regarded them as such. As Mr. Justice Cardozo said in the McGovern case, *supra* (234 N. Y. 389, 138 N. E. 31):

"* * * The fortuitous presence in a transaction of some possibility of detriment, latent but unthought of, is not enough * * *. Promisor and promisee must have dealt with it as the inducement to the promise * * *."

---

[4]The learned author says: "Though a peppercorn *may* be sufficient consideration for a promise, whether or not it is, depends on whether it was in fact the exchange or at least a requested detriment induced by the promise. 'Nothing is consideration * * * that is not regarded as such by both parties.'"

■ Plaintiff would by a rule of evidence which permits a declarant, whether his declarations are admissions or part of the *res gestae,* to be impeached the same as a witness testifying in court (see, Ammundson v. Falk, 228 Minn. 115, 36 N. W. [2d] 521, 7 A. L. R. [2d] 1318; 3 Wigmore, Evidence [3 ed.] § 884) convert a transaction which is in fact a gift, and as such an unenforceable promise to pay, into one supported by a consideration, and as such enforceable. Assumption that a declarant may be so impeached—this is a doubtful proposition, but we need not now decide the question (see, State v. Cotter, 167 Minn. 263, 209 N. W. 4; McArdle v. McArdle, 12 Minn. 53 [98]; 6 Dunnell, Dig. & Supp. § 10351h)—does not help plaintiff. Solution of the problem raised by her contention is not to be found in rules of evidence or procedure, but rather in applicable rules of substantive law, viz., those of estoppel. While estoppel is sometimes said to be a mere rule of evidence, it is in reality one of substantive law, for the reason that it absolutely precludes a party from asserting what otherwise would be his right. Its operation is the same as a rule of law. 5 Williston, Contracts (Rev. ed.) § 1508; 2 Dunnell, Supp. § 3186. Estoppel may be asserted in an action at law the same as in a suit in equity. Wright v. Farmers' Nat. Grain Corp. (7 Cir.) 74 F. (2d) 425. Because a conclusive presumption operates in the same way, we held in Johnson v. Munsingwear, Inc. 222 Minn. 540, 25 N. W. (2d) 308, that a conclusive presumption is not a presumption at all, but is rather a rule of law. The effect of an estoppel is, as Lord Coke said, to prevent a party from alleging or pleading the truth. 19 Am. Jur., Estoppel, § 2. In order to do justice, the facts are taken as those which the party is estopped from denying.

Acceptance of a gift should estop the donee from asserting that the transfer was some other sort of transaction. We so hold. It is elementary law that one who, either intentionally or through culpable negligence by silence when he ought to speak or by his acts and representations, induces another to believe that certain facts exist is estopped to deny the existence of such facts where to do so would prejudice the other party. Dimond v. Manheim, 61 Minn.

178, 63 N. W. 495; 2 Dunnell, Dig. & Supp. § 3187. Absent a contrary agreement, acceptance by the transferee of a transfer of property is one according to the terms thereof. The acceptance operates as a representation by the transferee that he accedes to the terms of the transaction *as is*. A party who is free to accept or reject without serious inconvenience cannot accept and retain the benefits of a transaction and at the same time repudiate it. In re Trust Under Will of Koffend, 218 Minn. 206, 15 N. W. (2d) 590; 2 Dunnell, Dig. & Supp. § 3204a. The transferee in such a case should be held not only to adopt the transaction as a whole, but also to renounce every right inconsistent therewith. Wendt v. Bergen Sav. Bank, 131 N. J. Eq. 380, 25 A. (2d) 511 (affirmed subject to reservations, 133 N. J. Eq. 34, 30 A. [2d] 31); Chipman v. Montgomery, 63 N. Y. 221 (affirming 4 Hun [N. Y.] 739); 31 C. J. S., Estoppel, § 109. The question is not what the party against whom an estoppel is asserted actually meant, but what the party asserting the estoppel might reasonably infer from his act or representation. Crane Co. v. Advance Plumbing & Heating Co. 177 Minn. 132, 224 N. W. 847.

As applied here, it appears conclusively from the evidence adduced by plaintiff that defendant made a gift of the note to her and that she accepted it as such. It can make no difference so far as these facts are concerned whether he was of good moral character or of doubtful veracity. A person of bad moral character and questionable veracity has a right to dispose of his property upon such terms as he may determine. There is no dispute as to what defendant said; what the terms of the transfer of the note to plaintiff were. Her acceptance of the gift was according to the terms thereof— that is, as of a gift as such. Thereby, she renounced any right which she otherwise may have had to repudiate the gift and to assert rights inconsistent therewith. Her claim that the transaction was not a gift of the note, but rather the execution and delivery of a note for a valuable consideration, is inconsistent with the terms of the gift, which she accepted, and the rights which she thereby renounced, for the reason that acceptance of the gift was one of an unenforceable promise to pay, and the claim that the

note was given for a valuable consideration is one that the promise was an enforceable one to pay. Having accepted the note as a gift, she is estopped to assert that it was given for a consideration.

Our conclusion is that it appeared as a matter of law that defendant gave the note to plaintiff as a gift; that when that fact was so established the statutory presumption of consideration for the note ceased to be operative; that, while there were things that might have been a consideration for the note, they were not such because the parties did not so regard them; that, regardless of defendant's moral character or veracity, plaintiff was estopped to assert rights inconsistent with those implicit in her acceptance of the note as a gift; and that defendant was entitled to judgment.

Affirmed.