GRAY *v.* McDOUGAL, ADMINISTRATRIX.

5-298                                                     264 S. W. 2d 403

Opinion delivered February 8, 1954.

[Rehearing denied March 15, 1954.]

---

*E. J. Butler,* for appellant.

*O. H. Hargraves* and *Shaver & Shaver,* for appellee.

MINOR W. MILLWEE, Justice.    J. O. McDougal, of Forrest City, Arkansas, died intestate on March 17, 1951, survived by a widow and two children.    The widow, appellee herein, petitioned the Probate Court of St. Francis County, Arkansas, for appointment as administratrix of the estate, and letters of administration were issued to her on March 20, 1951.

On April 23, 1951, appellant, Mrs. Jennie May Gray, filed a claim against decedent's estate for $5,850.00 based on a promissory note for $5,000 dated February 1, 1951, payable 12 months after date and bearing interest at the rate of 7% per annum from date until paid.    The note was allegedly executed by decedent and delivered to appellant, as payee, at Lawrenceville, Illinois.    This appeal is from the finding and judgment of the trial court that the note in question was executed by the de-

ceased without consideration, and that the claim of appellant should be denied and dismissed.

A great preponderance of the evidence supports the finding that the note was duly executed by decedent, and counsel for appellee virtually admitted the genuineness of his signature at the trial. On the question of want of consideration, there is little conflict in the evidence.

Appellant is a widow who was reared in Arkansas, but has lived in Lawrenceville, Illinois, for the past 21 years. In April, 1950, deceased went to Lawrenceville where he was then employed and rented a room in appellant's home. Appellant and appellee began dating and he led her to believe that he was divorced. In a short time their acquaintanceship ripened into affection, and, upon appellant's insistence, deceased moved from her home. The relationship continued during the time deceased stayed in Lawrenceville, from April to October, 1950, and appellant saw deceased only occasionally thereafter.

Appellant testified that she loaned money to deceased at various times prior to his execution of the note. While she was indefinite as to the time and amount of some of these loans, she stated positively the date and amount of four cash advances in the total sum of $400 which deceased agreed to repay, and that he also owed her $100 for room and board. Appellant further stated that she paid telephone and laundry bills for deceased and loaned him the use of her car from May to October, 1950, for which he agreed to pay her. She was unable to give the amount of the bills paid and there was no agreement as to the amount due for use of the car. She insisted that the amounts of money were advanced as loans and not gifts, and that deceased gave her the note in satisfaction of the loans. She was corroborated by the testimony of her sister, Mrs. Justus, of Swifton, Arkansas, who stated that deceased told her that he had executed the note in satisfaction of said loans.

Mrs. Oscar Hoffner testified that she did house work for appellant and saw deceased execute the note and

hand it to appellant. When appellant received the note, witness heard her say, "You don't owe me that much" and deceased said, "I want you to have that and put it away and here are some other papers."

Since the note was executed, delivered and made payable in Illinois, the right of action on the note and the defenses thereto are governed by the laws of that state. *Ellis* v. *Crowe,* 193 Ark. 255, 99 S. W. 2d 568. Illinois, like Arkansas, has adopted the Uniform Negotiable Instruments Act. §§ 24 and 28 of the act (Illinois Revised Statutes, 1953, Chapter 98, §§ 44 and 48) provide: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." "Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise."

It is also settled law in both Arkansas and Illinois that, when the execution of a promissory note is admitted or shown under § 24 of the Negotiable Instruments Act, the burden of proving want or failure of consideration is on the defendant. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517; *Weiland* v. *Weiland,* 297 Ill. App. 239, 17 N. E. 2d 625. See also, Anno: 127 A. L. R. 1004. It is also well settled law in Illinois that a promissory note intended as a gift is without consideration. *Stump* v. *Dudley,* 207 Ill. App. 587.

We think it is apparent that it was the intention of the framers of § 28 of the Negotiable Instruments Act, *supra,* to make uniform the right to interpose a partial failure or want of consideration as a defense *pro tanto* whether the amount was liquidated or unliquidated. This is the interpretation placed on the section by the Ohio court under a state of facts quite similar to those involved here in *Sharp* v. *Sharp,* 4 Ohio App. 418. In holding that error was committed in the trial court's refusal to submit the question of a partial want of con-

sideration to the jury, the court said: "We do not think that the courts would be authorized in saying that the intention of the lawmaking power was to change the rule of law as to want of consideration so as to deprive the maker of a note, where the action was between the original parties to the note, from interposing the defense of a partial failure of consideration where the sum named as payable in the note was composed partly of a valuable consideration and the remainder was a gratuity or gift. To do this would be placing a construction on the general words 'absence of consideration' contrary to the general rule of the common law and not in accordance with it." This rule is followed generally in other jurisdictions, including Illinois. 7 Am. Jur., Bills and Notes, § 249; *Bechtel* v. *Marshall,* 283 Ill. 486, 119 N. E. 619.

Applying this rule to the facts in the instant case, we hold that a preponderance of evidence supports the conclusion that all of the consideration for the $5,000 note was a gift or gratuity except the sum of $500 which the evidence discloses was actually advanced as a loan to deceased by appellant in cash and for room and board. Appellee's defense of want of consideration was established as to the $4,500 balance.

In support of her contention that she was entitled to judgment for the face of the note, appellant relies on the case of *Hore* v. *Collins,* 220 Minn. 374, 19 N. W. 2d 783, 161 A. L. R. 1366, while appellee relies on the case of *Suske* v. *Straka,* 229 Minn. 408, 39 N. W. 2d 745, to support the trial judge's findings. Both of these Minnesota cases were written by the same judge. While the facts in both cases were somewhat similar to those in the instant case, it was pointed out in the first case that there was no showing at all as to the extent to which the note was a gift. In the Suske case the court found as a matter of law under testimony which it regarded as undisputed that the defendant gave the note to plaintiff as a present; and that other things which might have been a consideration were not such because the parties did not so regard them. We cannot say that the evidence in this case warrants the conclusion that deceased gave,

and appellant accepted, the note in issue entirely as a gift and exclusive of all other considerations.

That part of the court's judgment finding that there was a total want of consideration for the note in question is reversed. The cause is remanded with directions to allow appellant's claim and enter judgment in her favor for $500.

The Chief Justice dissents from the court's action in modifying the judgment.