**GBJ, INC., II, a Minnesota corporation, Appellant,**

v.

**FIRST AVENUE INVESTMENT CORPORATION, a Minnesota corporation, d/b/a First Avenue Investments, Inc., a Minnesota general partnership; et al., Defendants,**

**Americana Bank, a Minnesota corporation, Respondent.**

**No. C1–94–552.**

Court of Appeals of Minnesota.

Aug. 23, 1994.

Review Denied Oct. 27, 1994.

Eric J. Magnuson, Jeanne H. Unger, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

David H. Gregerson, Todd A. Sattler, Lang, Pauly & Gregerson, Ltd., Minneapolis, and Todd R. Iliff, David J. Van House, Van House & Iliff, P.A., Edina, for respondent.

·Considered and decided by AMUNDSON, P.J., and KALITOWSKI and HOLTAN *, JJ.

## OPINION

KALITOWSKI, Judge.

Respondent Americana Bank foreclosed on a mortgage on certain real and personal property (the property) that appellant GBJ, Inc., II (GBJ) was leasing. On appeal from summary judgment, GBJ contends the district court erred in: (1) concluding that Americana did not breach the covenant of quiet enjoyment contained in the lease; (2) concluding that Americana is not estopped from terminating the lease; and (3) dismissing the lis pendens that had been filed on the property.

## FACTS

On October 13, 1988, First Avenue Investment Corporation (First Avenue) borrowed $450,000 from Americana and executed a mortgage (the mortgage) on the property. First Avenue also granted to Americana an assignment of rents from the property. Paragraph 5(a) of the assignment of rents provides that, upon default by First Avenue, Americana could:

> [g]ive, or require the Assignor to give, notice to any or all tenants under the Leases authorizing and directing the tenants to pay all Rents directly to the Assignee; collect all of the Rents; enforce the payment thereof and exercise all of the rights of the Assignor under the Leases and all of the rights of the Assignee hereunder; and may enter upon, take possession of, manage and operate the Premises, or any part thereof; may cancel, enforce or modify the leases, and fix or modify rents, and do any acts which the Assignee deems proper to protect the security hereof.

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

On October 8, 1990, First Avenue, as lessor, entered into a lease (the lease) with GBJ for a portion of the property. The lease contains a "Quiet Enjoyment" provision, which states:

LESSEE, upon the payment of the rent herein reserved and other charges provided herein, shall quietly have and enjoy the demised premises during the term of the Lease without hindrance or molestation by anyone claiming by or through LESSOR; subject, however, to the reservations and conditions of Lease and the fee mortgage to which this Lease is subordinate. Provided, however, that the provision of Exhibit "E" shall also apply.

Exhibit "E" to the lease provides:

The agreements and obligations of Tenant as set forth in this paragraph are undertaken by Tenant with the express understanding for the benefit of Tenant that in the event of foreclosure of any mortgage covering the leased premises or the Building, or acquisition thereof by deed in lieu of foreclosure, the mortgagee, its successors and assigns, will not terminate this Lease, nor join Tenant in summary or foreclosure proceedings, provided, Tenant shall continue to perform all of the covenants and conditions of this Lease and shall not be in default hereunder.

Americana was not a party to this lease and did not have notice of the lease at the time of its execution.

On November 25, 1992, upon default by First Avenue, Americana took a deed in lieu of foreclosure (the deed). The deed contains a non-merger clause, which states:

Execution, delivery and acceptance of the foregoing deed shall not be construed to create or effectuate a merger of the mortgage lien with the interest conveyed under the foregoing deed. Grantee, its successors and assigns, shall retain and reserve the right to foreclose the lien of the mortgage against all persons claiming an interest in or a lien on any or all of the property conveyed under the foregoing deed.

First Avenue and Americana simultaneously executed an "Agreement Regarding Lease," which authorized Americana to do "all of the things described in paragraph 5(a) of the Assignment." This agreement also provided:

The parties hereto * * * specifically acknowledge and agree that the Bank shall have no liability or obligation to perform or discharge any obligation, duty or liability under the Lease.

In December 1992, Americana commenced foreclosure proceedings by advertisement pursuant to Minn.Stat. Ch. 580. On January 22, 1993, Americana purchased the property at the sheriff's foreclosure sale. Prior to expiration of the redemption period, Americana informed GBJ that its lease would be terminated. During 1993, Americana sought to enforce several provisions of the lease against GBJ, by way of: (1) an unlawful detainer action for unpaid rent and utility bills; (2) a letter informing GBJ of fire code violations and complaints from other tenants regarding noise; and (3) a temporary restraining order claiming entitlement to certain fixtures.

GBJ filed two separate suits, each naming Americana as a defendant, that were consolidated by the district court. GBJ alleges: (1) breach of the covenant of quiet enjoyment; and (2) anticipatory repudiation of the lease. On December 21, 1993, the district court granted summary judgment in favor of Americana. On February 4, 1994, the district court dismissed GBJ's lis pendens that had been filed on the property.

## ISSUES

1. Did the district court err in concluding that Americana did not breach the covenant of quiet enjoyment?

2. Did the district court err in concluding that Americana is not estopped from terminating the lease?

3. Did the district court err in dismissing the lis pendens that had been filed on the property?

## ANALYSIS

On appeal from summary judgment, we must determine: (1) whether there are any genuine issues of material fact; and (2) whether the district court erred in its application of the law. *State by Cooper v. French*,

460 N.W.2d 2, 4 (Minn.1990). Where, as here, the material facts are not in dispute, we need not defer to the district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

## I.

GBJ contends the district court erred in concluding that Americana did not breach the covenant of quiet enjoyment under the lease. We disagree.

■ When Americana took the deed in lieu of foreclosure, it became fee owner. Americana, as fee owner, was in privity of estate with GBJ and was therefore subject to the covenant of quiet enjoyment. *See Trask v. Graham,* 47 Minn. 571, 572–73, 50 N.W. 917, 918 (1891) (quoting Tayl. Landl. & Ten. § 437) (where privity of estate exists, the recipient of the deed is bound by all covenants that run with the land).

■ Although Americana, as fee owner, was subject to the covenant of quiet enjoyment, we conclude Americana, as mortgagee, was not. Americana did not forfeit its rights as mortgagee when it took the deed in lieu of foreclosure. To the contrary, the doctrine of merger presumes that the mortgagee retains all rights:

> "There is, generally, an advantage to the mortgagee in preserving his mortgage title; and when there is, no merger takes place. It is a general rule, therefore, that the mortgagee's acquisition of the equity of redemption does not merge his legal estate as mortgagee so as to prevent his setting up his mortgage to defeat an intermediate title, such as a second mortgage or a subsequent lien, unless such appears to have been the intention of the parties and justice requires it; and such intention will not be presumed where the mortgagee's interest requires that the mortgage should remain in force."

*Losleben v. Losleben,* 199 Minn. 227, 231, 271 N.W. 463, 465 (1937) (quoting Jones, *2 Jones on Mortgages* § 1104 (8th ed.)).

The supreme court has considered and rejected an argument similar to the argument raised by GBJ. In *Lampert Yards v. Thompson–Wetterling Constr. & Realty,* 302 Minn. 83, 88–89, 223 N.W.2d 418, 422 (1974), the respondents argued that a mortgagee's interest had merged because the mortgagee had purchased the bankruptcy trustee's interest in the property. The court rejected this argument stating:

> Absent merger, the bank held separate legal statuses, that of mortgagor in possession and mortgagee in possession. Respondents' argument impermissibly would confuse the obligations of one status with the rights of the other.

*Id.* at 91–92, 223 N.W.2d at 423.

■ Whether Americana intended to merge its interests is a question of fact. *Id.* at 89, 223 N.W.2d at 422. The record demonstrates that Americana did not intend to merge its interests because: (1) the deed contains an unambiguous anti-merger provision; (2) the deed explicitly states that Americana "reserve[s] the right to foreclose the lien of the mortgage against all persons claiming an interest in" the property; and (3) the "Agreement Regarding Lease" states that Americana has no duty to fulfill the lease obligations. Under these circumstances, we conclude Americana's interests did not merge and Americana therefore retained the right to foreclose and the right to terminate the lease. Because GBJ has presented no evidence to the contrary, the district court did not err in granting summary judgment in favor of Americana. *See* Minn. R.Civ.P. 56.05 (the party opposing a motion for summary judgment must present specific facts showing that there is a genuine issue for trial).

## II.

■ GBJ contends the district court erred in concluding that Americana is not estopped from terminating the lease. GBJ argues that estoppel applies because Americana retained the benefits of the lease and rejected the burdens of the lease. We disagree.

Whether estoppel applies depends on the terms of the transfer of property:

> Absent a contrary agreement, *acceptance by the transferee of a transfer of property is one according to the terms thereof.* The

acceptance operates as a representation by the transferee that he accedes to the terms of the transaction *as is.* A party who is free to accept or reject without serious inconvenience cannot accept and retain the benefits of a transaction and at the same time repudiate it. *The transferee in such a case should be held not only to adopt the transaction as a whole, but also to renounce every right inconsistent therewith.*

*Suske v. Straka,* 229 Minn. 408, 417, 39 N.W.2d 745, 751 (1949) (italics in original) (emphasis added) (citation omitted). Here, the deed explicitly delineates Americana's rights and obligations:

> Grantee, its successors and assigns, shall retain and reserve the right to foreclose the lien of the mortgage against all persons claiming an interest in or a lien on any or all of the property conveyed under the foregoing deed.

The "Agreement Regarding Lease" contains similar limiting language:

> The parties hereto * * * specifically acknowledge and agree that the Bank shall have no liability or obligation to perform or discharge any obligation, duty or liability under the Lease * * *

Because the transfer documents allowed Americana to enforce certain rights while retaining the right to foreclose, we conclude Americana did not violate the principle expressed in *Suske.*

Moreover, the record before us contains none of the fundamental elements of estoppel. "In the absence of inducement and reliance, no estoppel is created." *Lampert Yards,* 302 Minn. at 90, 223 N.W.2d at 422. Because the lease expressly states that it is subordinate to the mortgage, GBJ should have known of the possibility of foreclosure and thus cannot demonstrate inducement or reliance. Further, we note that Americana acted pursuant to the assignment of rents, not the lease, in enforcing certain rights against GBJ. Accordingly, we conclude Americana is not estopped from terminating the lease.

### III.

GBJ contends the district court erred in dismissing the lis pendens that had been filed on the property. We disagree.

In order to be valid, a lis pendens must be based on a claim involving title to, interest in, or lien upon, real property. Minn.Stat. § 557.02 (1992). A lessee's rights, however, can be no greater than the lessor's:

> A lessor cannot create any greater interest in his lessee than he himself possesses, and the lessee takes subject to all claims of title enforceable against the lessor.

*Schrunk v. Andres,* 221 Minn. 465, 470, 22 N.W.2d 548, 551 (1946). Thus, GBJ's rights under the lease, including the right to quiet enjoyment, could not be greater than those rights possessed by First Avenue. Because the interests of First Avenue and GBJ were both subject to Americana's mortgage, GBJ had no interest in the property upon expiration of the redemption period. *See id.* Accordingly, we conclude the district court properly dismissed the lis pendens.

### DECISION

The district court properly concluded that Americana had the right to terminate the lease and thus did not breach the covenant of quiet enjoyment. The district court also properly dismissed the lis pendens that had been filed on the property.

**Affirmed.**